690 A.2d 228

COMMONWEALTH of Pennsylvania, Appellee,

v.

Edwin LABRON, Appellant.

Supreme Court of Pennsylvania.

Submitted Aug. 6, 1996.

Decided Feb. 26, 1997.

*OPINION ANNOUNCING THE JUDGMENT
OF THE COURT*

ZAPPALA, Justice.

This case is before us on remand from the United States Supreme Court for further proceedings not inconsistent with its per curiam opinion, *Pennsylvania v. Labron,* —— U.S. ——, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996).

We issued an opinion in this matter on December 29, 1995, which details the factual and procedural history of the case. *Commonwealth v. Labron,* 543 Pa. 86, 669 A.2d 917 (1995). We held that evidence obtained from a warrantless search of an automobile was properly suppressed. The United States Supreme Court summarily reversed our decision, along with *Commonwealth v. Kilgore,* 544 Pa. 439, 677 A.2d 311 (1995), holding that the warrantless searches of the automobiles did not violate the Fourth Amendment to the United States Constitution because probable cause was established. The Court further stated that "[t]he law of the Commonwealth thus appears to us 'interwoven with the federal law, and . . . the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" —— U.S. at ——, 116 S.Ct. at 2487, citing *Michigan v. Long,* 463 U.S.

1032, 1040–1041, 103 S.Ct. 3469, 3476–3477, 77 L.Ed.2d 1201 (1983).[1]

Appellant, Edwin Labron, has filed a Petition for Clarification and/or Affirmance of this Court's Judgment as Resting Upon State Constitutional Grounds. We now reaffirm our holding in *Labron,* and explicitly note that it was, in fact, decided upon independent state grounds, i.e., Article I, Section 8 of the Pennsylvania Constitution. Although we cited United States Supreme Court cases in our discussion of the automobile exception, we continually referred to our Court's prior interpretation of the exception to the warrant requirement. Specifically, we relied upon our decision in *Commonwealth v. White,* 543 Pa. 45, 669 A.2d 896 (1995), which was decided the same day.[2] In *White,* we discussed the automobile exception and noted that, "this [C]ourt, when considering the relative importance of privacy as against securing criminal convictions, has struck a different balance than has the United States Supreme Court, and under the Pennsylvania balance, an individual's privacy interests are given greater deference than under federal law." *Id.* at 56, 669 A.2d at 902. Following this citation to *White,* we concluded in *Labron* that "this Commonwealth's jurisprudence of the automobile exception has long required both the existence of probable cause and the presence of exigent circumstances to justify a warrantless search." *Labron,* 543 Pa. at 100, 669 A.2d at 924.

Having determined that Labron preserved his state constitutional claim before the suppression court and that our previous decision rests on independent state grounds, we reinstate our previous order reversing the order of the Superior Court.

CASTILLE, J., files a dissenting opinion in which NEWMAN, J., joins.

NIGRO, J., concurs in the result.

1. Justice Stevens, joined by Justice Ginsburg, dissented.

2. The Commonwealth did not seek review of *White* in the United States Supreme Court.

CASTILLE, Justice, dissenting.

I respectfully dissent on the basis of my dissenting opinion in *Commonwealth v. Labron,* 543 Pa. 86, 669 A.2d 917 (1995), *rev'd,* —— U.S. ——, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996).

NEWMAN, J., joins this Dissenting Opinion.