**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard L. GELINEAU and James Theobald.**

Superior Court of Pennsylvania.

Argued March 17, 1997.

Filed June 13, 1997.

Edmund Zigmund, Asst. Dist. Atty., Scranton, for Com., appellant.

Thomas J. Nolan, Scranton, for Theobald.

Before CAVANAUGH, HUDOCK and HESTER, JJ.

CAVANAUGH, Judge:

· This is an appeal from an order entered by The Honorable Carmen Minora of the Lackawanna County Court of Common Pleas dated September 26, 1996 granting defendants' Omnibus Pre-trial Motion which sought suppression of evidence and habeas corpus relief. Order affirmed in part and vacated and remanded in part.

The relevant facts supported by the record are as follows: On March 31, 1995, appellees, Richard L. Gelineau and James Theobald were traveling on Interstate 81 in Lackawanna County when they were stopped by Trooper Scott R. Walck for failing to use a turn signal when changing lanes of traffic. Theobald exited the vehicle he was driving and walked toward the police car but was ordered back into the car by Trooper Walck. Subsequently, Trooper Walck approached the stopped vehicle and asked Theobald for his driver's license, registration and proof of insurance. The passenger, Gelineau, stated that the vehicle belonged to his father.

While standing by the driver side door, Trooper Walck detected a strong odor of burnt marijuana emanating from the interior of the car. He immediately called for back-up, whereupon Trooper James Seamon and Trooper Richard Seaberg arrived on the scene. The officers conducted a pat-down search of the two men and discovered marijuana residue and seeds in Gelineau's shirt pocket. At this time, Gelineau was handcuffed and placed in the back seat of a police vehicle and Theobald was handcuffed and placed on the side of the highway. The officers told appellees that they were going to search the vehicle; if they did not find anything, the men would be free to go. However, while searching the engine compartment of the vehicle, the officers found 78 one-gram baggies of a substance which, after a field test, tested positive for marijuana.

After being advised of his *Miranda* rights, appellee Gelineau stated that the marijuana was his and that appellee Theobald had nothing to do with it. Both men were then arrested on charges of Unlawful Possession With the Intent to Deliver a Controlled Substance, Criminal Conspiracy to Commit Possession of a Controlled Substance, Unlawful Possession of a Controlled Substance and Possession of Drug Paraphernalia. A preliminary hearing was held on April 10, 1995 before District Justice Terrance Gallagher who ruled that a *prima facie* case was established on all charges.

On February 28, 1996, Gelineau's attorney filed an Omnibus Pre-trial Motion which sought habeas corpus relief and suppression of evidence. This motion was orally adopted by Theobald's attorney. On March 5, 1996, the trial court granted the Commonwealth's Motion to Consolidate Gelineau's and Theobald's cases. After a suppression hearing at which the Commonwealth presented the testimony of Troopers Walck and Seamon, the trial court granted appellees' motion to suppress all of the evidence obtained and appellees' motion for habeas corpus relief. The Commonwealth appeals raising the following questions for our review: [1]

1. Whether the trial court erred as a matter of law in suppressing all the evidence seized pursuant to a search of the defendants' vehicle after the vehicle was stopped for a traffic offense; and

2. Whether the trial court erred as a matter of law when, after suppressing all of the evidence, it dismissed the Commonwealth's case by granting the defendants' motion for habeas corpus relief.

Our standard of reviewing the granting of a suppression motion is well-settled:

---

**1.** Pursuant to Pennsylvania Rule of Appellate Procedure 311(d), the Commonwealth has certified in its notice of appeal that the suppression order and habeas corpus order giving rise to this appeal terminates or substantially handicaps their case.

In reviewing an appeal by the Commonwealth from an order suppressing evidence, "we consider only the evidence of the defendant's witnesses and so much of the Commonwealth evidence that, read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Evans,* 443 Pa.Super. 351, 355, 661 A.2d 881, 883 (1995) [, *aff'd* 546 Pa. 417, 685 A.2d 535 (1996) ]. We are bound by only those factual findings made by the suppression court which are supported by the record, and thereafter must determine whether the legal conclusions and inferences drawn from those facts are legitimate. *Commonwealth v. Walker,* 540 Pa. 80, 94, 656 A.2d 90, 97, *cert. denied,* —— U.S. ——, 116 S.Ct. 156, 133 L.Ed.2d 100 (1995). As a result, we may reverse only if the legal conclusions drawn from the factual findings are erroneous. *Commonwealth v. Rosario,* 438 Pa.Super. 241, 263, 652 A.2d 354, 365 (1994).

*Commonwealth v. Lechner,* 454 Pa.Super. 456, ——, 685 A.2d 1014, 1015–16 (1996).

After the suppression hearing, the trial court held that the warrantless search of the Gelineau vehicle constituted an illegal search incident to arrest. It is the Commonwealth's contention, however, that they never attempted to justify the warrantless search as a search incident to arrest. Rather, the Commonwealth maintains that there was sufficient probable cause to believe that appellees' vehicle contained evidence of criminal activity and, therefore, the search constituted a valid warrantless automobile search based on probable cause. Our independent review of the facts and relevant caselaw establishes that, under either theory, the search of appellees' vehicle was unreasonable.

 We turn first to the Commonwealth's claim that the search in the present case was a valid warrantless search based on probable cause. In *Commonwealth v. White,* 543 Pa. 45, 669 A.2d 896 (1995), our Supreme Court reiterated the rule surrounding warrantless searches of vehicles:

the general rule is that a search warrant is required before police may conduct any search. As an exception to this rule, police may search a vehicle without a warrant where: (1) there is probable cause to believe that an automobile contains evidence of criminal activity; (2) unless the car is searched or impounded, the occupants of the automobile are likely to drive away and contents of the automobile may never again be located by police; and (3) police have obtained this information in such a way that they could not have secured a warrant for the search, i.e., *there are exigent circumstances.*

*Id.* at 51–52, 669 A.2d at 900 (emphasis in original). Thus; both probable cause and exigent circumstances are required to justify a warrantless search of an automobile.[2]

**2.** Also in 1995 and consistent with *White,* our Supreme Court held in *Commonwealth v. Kilgore,* 544 Pa. 439, 677 A.2d 311 (1995), *rev'd* —— U.S. ——, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996), *on remand,* 547 Pa. 346, 690 A.2d 229 (1997), and *Commonwealth v. Labron,* 543 Pa. 86, 669 A.2d 917 (1995), *rev'd* —— U.S. ——, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996), *on remand,* 547 Pa. 344, 690 A.2d 228 (1997), that a warrantless automobile search requires both probable cause and exigent circumstances. This line of cases was recently visited by the United States Supreme Court and it is important to provide a brief review of the recent developments concerning warrantless searches pursuant to our State Constitution.

In July of 1996, the United States Supreme Court reversed our Supreme Court's holdings in *Labron* and *Kilgore,* stating specifically that our Supreme Court based its decision on an improper interpretation of federal law. Under federal law, if a car is readily mobile and probable cause exists, the Fourth Amendment permits a warrantless search of the vehicle. *California v. Carney,* 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). Although the Court recognized that our own Supreme Court cited to the Pennsylvania Constitution and other Pennsylvania Supreme Court cases (including *White* ) when deciding *Labron* and *Kilgore,* it noted that the cases cited by the Court relied on an analysis of several United States Supreme Court cases dealing with the automobile exception. Specifically, the Court stated that "[t]he law of the Commonwealth thus appears to us 'interwoven with the federal law, and ... the adequacy and independence of any possible state law ground is not clear from the face of the opinion.' " *Labron, supra* at ——, 116 S.Ct. at 2487, 135 L.Ed.2d at 1036. Because the Court found our Supreme Court's interpretation of federal law erroneous, both cases were reversed and remanded for further proceedings not inconsistent with the opinion.

Presently, *White* has not been appealed to the United States Supreme Court. However, it

This court recognizes that "[t]he level of probable cause necessary to justify a warrantless search of an automobile is the same as that required to obtain a search warrant." *Commonwealth v. Talley*, 430 Pa.Super. 351, 357, 634 A.2d 640, 643 (1993) (citing *Commonwealth v. Pleummer*, 421 Pa.Super. 51, 617 A.2d 718 (1993)). "Probable cause exists where the facts and circumstances within the knowledge of the officer are reasonably trustworthy and sufficient to warrant a person of reasonable caution in believing that the person has committed the offense." *Commonwealth v. Zook*, 532 Pa. 79, 89, 615 A.2d 1, 6 (1992).

In the instant case, the Commonwealth established that the information known to the officers, at the time of the search, rose to the level of that required to show probable cause. Trooper Walck testified at the suppression hearing that, upon approaching the subject car, he detected a strong odor of burnt marijuana emanating from the interior. Moreover, when appellees were removed from the car, he testified that one of the responding officers saw marijuana residue and seeds in Gelineau's shirt pocket. These facts, coupled with the officers' training and experience, are sufficient to establish probable cause.

Despite this finding, however, we nevertheless must affirm the trial court's order. As discussed, supra, a warrantless search of an automobile must be based on both probable cause and exigent circumstances. The Commonwealth argues in its brief that the

inherent mobility of the vehicle, the unforeseen circumstances surrounding the traffic stop, the dangerous circumstances surrounding the location of the traffic stop and the possibility that weapons might have been in the vehicle or that the marijuana would be lost or destroyed all made the attainment of a search warrant impractical. We reject the Commonwealth's contentions and find that the circumstances surrounding the officers' search of this vehicle did not create such an exigency as to justify an immediate warrantless search of appellees' automobile.

In *Commonwealth v. Rosenfelt*, 443 Pa.Super. 616, 662 A.2d 1131 (1995), this court had the opportunity to analyze the requirements for exigent circumstances sufficient to justify a warrantless search. The defendant in *Rosenfelt* was suspected by his parole officer of driving without a license, in violation of his parole. His parole officer followed him out of the parole office one day and watched him get into a car and drive away. She and several other parole officers followed him in another vehicle and, when he stopped at a red light, took him into custody. They placed Rosenfelt in the officers' vehicle and drove him back to the parole office while another officer followed in Rosenfelt's car. While driving Rosenfelt's car, the officer noticed, in plain view, a fifty-dollar bill, two four-inch spoons with white powder residue on them, a syringe and a box of confectioner's sugar wrapped in a brown paper bag. Subsequently, the trunk of the car was searched where two bags were found contain-

would appear that, based on the holding in these two cases, *White* would have been effectively overruled by *Labron* and *Kilgore* as it also relied on United States Supreme Court precedent in resolving this issue.

On February 26, 1997, however, our Supreme Court revisited *Labron* and *Kilgore* on remand, with the following results. In *Labron*, our Supreme Court noted that the defendant properly preserved his state constitutional claim before the suppression court. As such, the Court reaffirmed its holding and stated that it was in fact decided upon independent state grounds, specifically Article I, section 8 of the Pennsylvania Constitution, and therefore, its prior holding was correct. In *Kilgore*, however, the defendant did not properly preserve a state constitutional claim, and therefore, our Supreme Court vacated its previous decision as an improper interpretation of Federal Law.

In sum, the holding in *White*, that probable cause and exigent circumstances are required for a warrantless search of an automobile, remains good law. The only change brought about by the United States Supreme Court's decisions in *Labron* and *Kilgore* is that where a defendant does not adequately preserve his state constitutional claim before the suppression court, we would be probable cause exists, the only exigency required is the inherent mobility of the vehicle.

In the present case, appellee properly preserved a claim that the search of his vehicle was unreasonable under the Pennsylvania Constitution. As such, we necessarily follow this Commonwealth's jurisprudence that provides our citizens with greater protection than does federal law. Thus, in the present case, a proper warrantless search requires both probable cause and exigent circumstances other than the inherent mobility of the vehicle.

ing a scale, glassine envelopes, a beeper, pills and some form of illegal substance.

Based on the facts presented, we noted that the parole officer did have probable cause to search Rosenfelt's car. However, we nevertheless held that the search constituted an impermissible violation of Rosenfelt's rights pursuant to Article I, section 8 of the Pennsylvania Constitution [3] because no exigent circumstances existed where the car was in the control and dominion of the officers and no discernible dangers were present. After a thorough review of Article I, section 8 of our Constitution, its history, our Supreme Court's interpretation of this section, related caselaw from other states and policy considerations, all pursuant to *Commonwealth v. Edmunds*, 526 Pa. 374, 585 A.2d 887 (1991), we expressly stated that a search warrant is necessary "absent exigent circumstances *apart from the vehicle's potential mobility*." *Rosenfelt, supra* at 643, 662 A.2d at 1144 (emphasis added).

Similarly, in *Commonwealth v. Haskins*, 450 Pa.Super. 540, 677 A.2d 328 (1996), we held that the police did not show that the circumstances surrounding the search of the defendant's car were so exigent as to dismiss the need for a warrant. In *Haskins*, the police received two anonymous phone calls within ten to fifteen minutes of each other informing them that a drug dealer was driving a gray Volkswagen Rabbit with the license plate ANK–6080 in the 1700 block of North 5th Street in Harrisburg. The police dispatched cars to the specified area where they found a car fitting the description given by the anonymous caller. The officers left their car and approached the identified car informing the driver of the vehicle that they wanted to talk to him. The driver proceeded through a red light and, after a brief pursuit, jumped out of the moving car and fled. While two officers chased the driver, two other officers approached the abandoned car.

After being informed by the other officers that the driver of the vehicle had been apprehended and that they had retrieved a bag of marijuana the driver threw down while running, the two officers searched the car. In the rear hatch area, they found $200 in a sock, razor blades and ziplock bags. In the pockets of a jacket, the officers found fifty ziplock bags of cocaine. The driver was convicted of possession of cocaine with intent to deliver, possession of drug paraphernalia and possession of a small amount of marijuana. He was sentenced to four to ten years imprisonment.

This court vacated the judgment of sentence and reversed the suppression order stating that the evidence seized from the automobile should have been suppressed. Relying on *White*, we held that "no exigent circumstances existed to excuse the lack of a search warrant." *Id.* at 545, 677 A.2d at 330. Specifically, we noted that at the time of the search, Haskins was already in custody and there was no danger that he could secure a weapon or destroy the evidence.

We also find very compelling our Supreme Court's holding in *Commonwealth v. Timko*, 491 Pa. 32, 417 A.2d 620 (1980). In *Timko*, the driver of a van was pulled over by police officers for operating his vehicle erratically. Once stopped, the driver made obscene gestures to the officers and refused to open the doors or windows of his van. Upon observing several boxes inside the van labeled "shotgun shells," as well as a zippered bag that the driver reached for, the officers broke into the van, pulled the driver out and searched and handcuffed him. Once handcuffed, the police searched the contents of the zippered bag where they found two packages of marijuana and a loaded revolver. The Court, regarding the exigency of the situation,[4] noted:

---

3. This section provides:
 The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Pa. Const. art. I, § 8.

4. It is necessary to point out that the Court's discussion on exigency was in response to the Commonwealth's claim that the search was incident to the driver's arrest. Even so, we find nothing to indicate that the exigent circumstances for a search incident to an arrest are

[w]hile the events leading up to the search were such as would lead a reasonable policeman to believe the zippered bag might contain a weapon, nothing further occurred to justify an immediate warrantless search. For example, there is no suggestion the bag contained explosives or some other item which might in some way endanger the police officers or others, nor is there a suggestion the bag or its contents were in danger of concealment or destruction.

*Id.* at 38, 417 A.2d at 623.

■ In the present case, the trial court expressly noted in its opinion that it found "nothing of record to indicate that there were any exigent circumstances, such as danger to the police or the public, which would justify a warrantless search of the vehicle's engine compartment, where the marijuana was allegedly found." This finding is adequately supported by the record. As in *Rosenfelt, Haskins* and *Timko,* the vehicle was in the control of the officers. Moreover, nothing occurred that would give the officers' reason to fear their safety. Both Gelineau and Theobald were handcuffed and placed at a distance from the subject vehicle. The record is void of any evidence that the men resisted being placed in handcuffs or that they attempted to secure weapons.

In addition, the officers found no evidence of criminal activity after a thorough search of the passenger compartment and trunk of the car. It was only after the officers lifted the hood of the engine compartment that they found the contraband. With the men in custody, and the marijuana under the hood of the car, the evidence could not have been destroyed while one of the three officers on the scene obtained a search warrant. If our Supreme Court held that the compelling facts in *Timko* did not establish exigent circumstances, we cannot find that the facts of the instant case established exigent circumstances either. Therefore, even though probable cause existed, a warrantless search of appellants' vehicle was unreasonable.[5]

Next, we turn to a discussion of the trial court's conclusion that the warrantless search of the Gelineau vehicle constituted an illegal search incident to arrest. The Commonwealth claims that the officers never placed appellees under arrest and therefore the trial court erred because they never attempted to justify the warrantless search as a search incident to arrest. We find the Commonwealth's contention, that appellees were not placed under arrest at the time of the search, erroneous.

■ According to our Supreme Court, an "arrest" is:

any act that indicates an intention to take the person into custody and subjects him to the actual control and will of the person making the arrest. . . . An arrest may thus be effectuated without the actual use of force and without a formal statement of arrest. The test is an objective one, i.e., viewed in the light of the reasonable impression conveyed to the person subjected to the seizure rather than the strictly subjective view of the officers or the persons being seized.

*Commonwealth v. Duncan,* 514 Pa. 395, 400, 525 A.2d 1177, 1179 (1987) (citations omitted). After a review of the suppression hearing transcript, it is clear that neither appellee was free to leave and that they were subject to the actual control and will of the officers. Appellees were ordered out of their vehicle, patted down and handcuffed. They were then placed at a distance from their vehicle, denying them access to either the inside or outside of the vehicle. A finding by the trial court that appellees were effectively under arrest is supported by the record.

■ A well-recognized exception to the warrant requirement is where the search is conducted incident to arrest. *Commonwealth v. Riedel,* 539 Pa. 172, 651 A.2d 135 (1994) (citing *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908

different from those required for a warrantless probable cause search.

**5.** Regarding the Commonwealth's contention that the dangerous location of the traffic stop and the unforeseen circumstances surrounding the

traffic stop created an exigency, we point out that if these reasons justify a warrantless search, any car that is routinely stopped on the side of a busy highway would be subject to a full search. We are not willing to create such a rule.

(1966)). It is the precise scope of the search that has been the subject of much debate.

The Supreme Court of our Commonwealth has consistently given greater deference to an individual's privacy than has the United States Supreme Court. For example, in *Timko, supra,* our Supreme Court limited the warrantless search of an automobile incident to an arrest to areas and clothing immediately accessible to the person arrested. *Id.* at 37, 417 A.2d at 622. The purpose of this search is to prevent the arrestee from securing a weapon or destroying evidence of criminal activity. *Commonwealth v. Shiflet,* 543 Pa. 164, 670 A.2d 128 (1995) (citing *Timko, supra* ). Once the danger is removed, a search of any property not immediately associated with the person of the arrestee to their exclusive control is no longer a search incident to the arrest.

To the contrary, the United States Supreme Court held, one year later, in *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id.* at 460, 101 S.Ct. at 2864, 69 L.Ed.2d at 775.

Despite the holding in *Belton,* our Supreme Court stated in *White, supra,* its view that *Timko* is still the law of this Commonwealth regarding the scope of a search incident to arrest:

> It is axiomatic that the Supreme Court of Pennsylvania may provide more protection for the citizens of Pennsylvania under the Pennsylvania Constitution than the federal courts provide under the United States Constitution, and it is our view that the rule of *Timko* is as valid today as it was fifteen years ago when *Timko* was decided. In fact, the thrust of *Timko* is even more compelling today than it was in 1980 because this court has increasingly emphasized the privacy interests inherent in Article I, Section 8 of the Pennsylvania

Constitution. See *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991). By contrast, the United States Supreme Court has deemphasized the privacy interests inherent in the Fourth Amendment. As the Court stated in *Belton:*

> [T]he justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.

453 U.S. 454, 461, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775 (1981). As we stated in *Commonwealth v. Mason,* 535 Pa. 560, n. 3, 637 A.2d 251, n. 3 (1993), this court, when considering the relative importance of privacy as against securing criminal convictions, has struck a different balance than has the United States Supreme Court, and under the Pennsylvania balance, an individual's privacy interests are given greater deference than under federal law.

*White, supra,* at 56, 669 A.2d at 902.

■■■ The holding in *White* requires us to uphold the trial court's finding that this was an illegal search incident to arrest.[6] Searching under the hood of this car was well beyond the area and clothing immediately accessible to appellees. The danger of either appellee securing a weapon or destroying the contraband was removed the moment they were handcuffed and placed at a distance from the subject vehicle. As our Supreme Court has announced a very clear and precise rule, we are required to follow that rule.

In sum, we find that the search of appellees' vehicle under the circumstances of this case, was an unreasonable search in violation of Article I, section 8 of the Pennsylvania Constitution. While sufficient probable cause may have existed, the circumstances surrounding the search did not rise to the level of exigency required by our Supreme Court. In addition, we find that the search constituted an illegal search incident to appellants' arrest as it went beyond the scope

---

**6.** We note that this search was also in violation of the United States Supreme Court's decision in *Belton, supra.* The marijuana seized by the officers was found under the hood of the car. Belton permits a search, where it is incident to an arrest, of the passenger compartment of the vehicle only.

set forth in *Timko*. Therefore, we find the trial court's suppression of the physical evidence, and any evidence that stemmed from the illegal search, proper.

Next, the Commonwealth claims that the trial court erred in dismissing the Commonwealth's case by granting appellees' Motion for Habeas Corpus relief. Although the Commonwealth tacitly concedes that they only have a case if we were to reverse the trial court's suppression order, they nevertheless object to the trial court's order dismissing their case. In order to provide the Commonwealth with the fullest opportunity to demonstrate that a dismissal is inappropriate, we vacate the order dismissing the Commonwealth's case and remand to the trial court for proceedings consistent with this opinion.

Order affirmed in part and vacated and remanded in part.