**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Shiem GARY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 2011.

Filed Sept. 27, 2011.

---

Kathleen E. Martin, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: MUSMANNO, DONOHUE and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

This case is an appeal from the order of the Philadelphia County Court of Common Pleas denying Appellant's petition for writ of certiorari in which he argued that the Philadelphia Municipal Court erred in denying his suppression motion. We reverse and remand.

The standard for reviewing a challenge to the denial of a suppression motion involves the following considerations:

> "whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.... [W]e must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Eichinger* [,591 Pa. 1] 915 A.2d 1122, 1134 (2007), cert. denied, 552 U.S. 894, 128 S.Ct. 211, 169 L.Ed.2d 158 (2007). Those properly supported facts are binding upon us and we "may reverse only if the legal conclusions drawn therefrom are in error." *Id.*

*Commonwealth v. Thompson*, 604 Pa. 198, 985 A.2d 928, 931 (2008).

The trial court fairly summarized the factual background as follows.

> On January 15, 2010, Philadelphia Police Officers Baker and Waters were on patrol in the area of 58th and Florence

---

* Retired Senior Judge assigned to the Superior Court.

Streets, in the City and County of Philadelphia. The officers observed [Appellant] operating a gold sports-utility vehicle on 58th Street. Because the vehicle had heavily tinted windows, the officers pulled [Appellant] over for investigation. While approaching the vehicle, the officers noticed a strong odor of unburnt marijuana emanating from both the passenger and driver sides of the vehicle. Officer Baker asked [Appellant] if there was anything in the vehicle that the officers "need[ed] to be worried about" and [Appellant] replied that there was some "weed" in the car. The officers then removed [Appellant] from the vehicle and placed him in the back of the police cruiser. Officer Snyder and his K–9 dog, Leo, began to walk around [Appellant]'s vehicle. While this was occurring, Officer Baker heard a car door open and observed [Appellant] running southbound on 58th Street. Leo apprehended [Appellant] at the intersection of 58th and Beaumont Streets, and he was placed back into the police car. After this, the officers recovered a blue and yellow plastic bag containing approximately two pounds of marijuana from underneath the hood of [Appellant]'s vehicle. The plastic bag was lodged between the air filter and another component under the hood.

Trial Court Opinion, 12/15/10, at 2 (citations omitted).

In the Philadelphia Municipal Court, Appellant moved to suppress the evidence obtained from his vehicle. Appellant's motion was denied after a hearing, and he was subsequently found guilty of 35 P.S. § 780–113(a)(16) (possession) and 35 P.S. § 780–113(a)(30) (possession with intent to deliver). Following imposition of sentence, Appellant filed a petition for writ of certiorari to the Court of Common Pleas. The court denied the writ. Appellant then timely filed a notice of appeal with this Court.

Appellant argues that the warrantless search of his vehicle was not justified by any known legal exception to the warrant requirement. Therefore, Appellant contends that the trial court erred in denying the writ where lower court erred in not suppressing the marijuana found during the alleged unlawful search.

It is established that:

"The Fourth Amendment to the United States Constitution and Article 1, § 8 of the Pennsylvania Constitution require that searches be conducted pursuant to a warrant issued by a neutral and detached magistrate. A search conducted without a warrant is generally deemed to be unreasonable for constitutional purposes."

*Commonwealth v. Copeland*, 955 A.2d 396, 399 (Pa.Super.2008) (citation omitted).

However, there are certain exceptions to the above-described general rule. Our Supreme Court explained one relevant exception as follows:

Under the federal Constitution, law enforcement personnel may conduct a warrantless search of an automobile as long as probable cause exists. *Chambers v. Maroney*, 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States*, 267 U.S. 132, 147–56, 45 S.Ct. 280, 69 L.Ed. 543 (1925). This rule, known as the automobile exception to the warrant requirement, is based on the inherent nature of vehicles—their mobility—and applies even if a vehicle is "seized and immobilized." *Commonwealth v. McCree*, 592 Pa. 238, 924 A.2d 621, 629 (Pa.2007) (plurality) (citing *Chambers*). In Pennsylvania, however, "we have not adopted the full federal automobile exception under Article I, Section 8." *Id.* Warrantless vehicle searches in this Commonwealth must be

accompanied not only by probable cause, but also by exigent circumstances beyond mere mobility; "one without the other is insufficient." *Commonwealth v. Luv*, 557 Pa. 570, 735 A.2d 87, 93 (Pa. 1999). This dual requirement of probable cause plus exigency is an established part of our state constitutional jurisprudence. *McCree*, 924 A.2d at 629–30. *See also Commonwealth v. Casanova*, 2000 PA Super 34, 748 A.2d 207, 211 (Pa.Super.2000), appeal denied, 570 Pa. 682, 808 A.2d 569 (Pa.2002); *Commonwealth v. Gelineau*, 696 A.2d 188, 192 n. 2 (Pa.Super.1997), appeal denied, 550 Pa. 699, 705 A.2d 1305 (1998); *Commonwealth v. Rosenfelt*, 443 Pa.Super. 616, 662 A.2d 1131, 1146 (Pa.Super.1995), appeal denied, 544 Pa. 605, 674 A.2d 1070 (1996).

*Commonwealth v. Hernandez*, 594 Pa. 319, 935 A.2d 1275, 1280 (2007)

■ Appellant challenges the lower court's finding of exigent circumstances. This Court has defined exigency as follows:

"Exigent circumstances arise where the need for prompt police action is imperative, either because evidence is likely to be destroyed … or because there exists a threat of physical harm to police officers or other innocent individuals." *Commonwealth v. Stewart*, 740 A.2d 712, 717 (Pa.Super.1999), aff'd, 568 Pa. 499, 798 A.2d 697 (2002) (quoting *Commonwealth v. Hinkson* 315 Pa.Super. 23, 461 A.2d 616, 618 (1983)).

*Copeland*, 955 A.2d at 400.

The application of this definition has unquestionably been difficult for the courts of this Commonwealth. We believe the following cases provide guidance to the application of the definition of exigent circumstances in this case.

In *Luv* Pennsylvania's Supreme Court found sufficient exigent circumstances to validate the warrantless search of a vehicle believed to be carrying illegal narcotics where the police were "faced with a choice between a warrantless search and the loss of evidence with a new influx of drugs in their community." *Luv*, 735 A.2d at 95.

Similarly, in *Copeland* this Court found a warrantless search of the vehicle was necessary in order to protect the public and preserve evidence. In that case, police stopped a driver in the middle of the street. They learned the driver was considered armed and dangerous and developed probable cause to believe a weapon was inside the car. *Copeland*, 955 A.2d at 402.

In contrast, the Pennsylvania Supreme Court in *Hernandez*, 935 A.2d at 1282, held that there were no exigent circumstances based on potential danger to officers because the only suspect taken from the vehicle was already in custody. *See also Casanova*, 748 A.2d 207, 212 (Pa.Super.2000) (finding no exigency where suspect was in custody and officers reasonably could have obtained a search warrant); *Commonwealth v. Haskins*, 450 Pa.Super. 540, 677 A.2d 328, 331 (1996) (finding no exigency where "Appellant was already in custody and there was no danger that any contraband within the car could be removed by him.").

■ In the present case, Appellant was stopped by police officers for suspicion of possessing illegally tinted windows, a violation of Pennsylvania's Motor Vehicle Code. Appellant does not challenge the lower court's finding that probable cause subsequently arose.

In its opinion in support of the denial of the writ of certiorari, the trial court found that the warrantless search which followed was lawful because "[t]he police had no advance warning that [Appellant's] vehicle

would be stopped and would be part of criminal investigation." Trial Court Opinion, 12/15/10, at 6. Relying upon *Copeland* the trial court ruled that exigency existed because officers did not have advance warning of the criminal activity.[1] Furthermore, the trial court stated that because "[Appellant] may have been permitted to return to his vehicle and drive away with the contraband," a warrantless search was necessary to preserve evidence. *Id.* We find these conclusions to be erroneous.

Appellant was in police custody prior to the search. At that point, Appellant had admitted to possessing marijuana and had once escaped from custody. Unlike in *Copeland* the circumstances in this case did not evidence an imperative need for prompt police action; neither the lack of advance warning of criminal activity nor any other factor of record resulted in a threat of danger or dissipation of evidence. Thus, where no exigent circumstances were present, the warrantless search was unlawful and the evidence obtained from that search should have been suppressed. Accordingly, we reverse the order denying Appellant's petition for writ of certiorari and remand for a trial at which the evidence obtained as a result of the search may not be admitted.

Order denying petition for writ of certiorari reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge DONOHUE files a Concurring Opinion.

Judge MUSMANNO joins both the Majority Opinion and the Concurring Opinion.

## CONCURRING OPINION BY DONOHUE, J.:

I join in the learned Majority's opinion, as I agree that the Commonwealth offered no proof of exigent circumstances sufficient to justify a warrantless search underneath the hood of Appellant's vehicle. I write separately to emphasize that in this case, which does not involve application of the plain view doctrine, Pennsylvania's limited automobile exception requires a showing of actual exigency. The Commonwealth's insistence that the treatment of the exigency requirement in *Commonwealth v. McCree*, 592 Pa. 238, 252, 924 A.2d 621, 630 (2007), applies to the current non-plain view case misstates the current status of Pennsylvania law in this area.

In *Commonwealth v. Hernandez*, 594 Pa. 319, 935 A.2d 1275 (2007), our Supreme Court's most recent decision on this topic, restated Pennsylvania's limited automobile exception as follows:

Warrantless vehicle searches in this Commonwealth must be accompanied not only by probable cause, but also by exigent circumstances beyond mere mobility; 'one without the other is insufficient.' This dual requirement of probable cause plus exigency is an established

---

1. The Commonwealth relies on *Commonwealth v. McCree*, 592 Pa. 238, 924 A.2d 621 (2007), to support a similar position. Although the Commonwealth notes that *McCree* was a plurality decision, it asserts that a majority of justices agreed that the unexpected materialization of probable cause is sufficient to justify a warrantless search. We disagree that such a holding emerged from *McCree*. The Supreme Court itself explained shortly after *McCree*: "Precisely what satisfies the exigency requirement for warrantless vehicle searches has been the subject of many of this Court's opinions, some of which include multiple, varying expressions with no clear majority." *Hernandez*, 935 A.2d at 1280 (referencing *McCree* ). *See also Commonwealth v. Brown*, 23 A.3d 544, 556 (Pa.Super.2011) (finding that *McCree* has no precedential value as to the status and parameters of the limited automobile exception).

part of our state constitutional jurisprudence. *Id.* at 328, 935 A.2d at 1280. *Id.* at 328, 935 A.2d at 1280.

With regard to exigency, the Supreme Court in *Hernandez* while noting that this requirement "has been the subject of many of this Court's opinions, some of which with multiple varying expressions with no clear majority," *id.* turned to its prior decision in *Commonwealth v. White,* 543 Pa. 45, 669 A.2d 896 (1995), in which the Court identified two situations that satisfied the exigency requirement under the limited automobile exception: (1) potential danger to police or others, and (2) absent an immediate warrantless search, the occupants of the vehicle are likely to drive away and the contents of the automobile search may never again be located by police. *Id.* at 51–52, 669 A.2d at 900; see also *Commonwealth v. Luv,* 557 Pa. 570, 735 A.2d 87 (1999) ("The police had two choices: either stop the vehicle and search it without a warrant, or allow Luv to continue on his way, possibly resulting in the disappearance of the evidence, and in the introduction of a substantial amount of drugs to their community."). Subsequent to *White* and *Luv* this Court has expressed a similar understanding of what is necessary to satisfy the exigency requirement under Pennsylvania's limited automobile exception: "Exigent circumstances arise where the need for prompt police action is imperative, either because evidence is likely to be destroyed ... or because there exists a threat of physical harm to police officers or other innocent individuals." *Commonwealth v. Copeland,* 955 A.2d 396, 400 (Pa.Super.2008) (quoting *Commonwealth v. Stewart,* 740 A.2d 712, 715 (Pa.Super.1999), *affirmed,* 568 Pa. 499, 798 A.2d 697 (2002)), *appeal denied,* 599 Pa. 706, 962 A.2d 1194 (2008).

In *Commonwealth v. McCree,* 592 Pa. 238, 924 A.2d 621 (2007), our Supreme Court established a different definition of exigency under the limited automobile exception in cases applying the plain view doctrine. In *McCree* a case in which police officers seized pill bottles in plain view inside a vehicle, the Supreme Court did not apply the *White–Luv* definition of exigency, but rather decided that exigent circumstances were established there because the police lacked advance notice that McCree would be the target of an investigation prior to the stop, thus precluding the obtaining a warrant in advance of the search and seizure. *Id.* at 255, 924 A.2d at 531. Although the lead opinion in *McCree* garnered only three of the Court's seven voting members, Justice Castille's opinion concurring in the result demonstrated agreement with the majority's conclusion that in a plain view case, lack of advance notice and opportunity to obtain a warrant is sufficient exigency to justify a warrantless search. *Id.* at 261, 924 A.2d at 635 (Castille, J., concurring).

In *Hernandez* however, which was a non-plain view warrantless vehicle search case decided just six months after *McCree* our Supreme Court returned to the *White–Luv* test to determine exigency under the limited automobile exception. *Hernandez* 594 Pa. at 328–33, 935 A.2d at 1280–83. For this reason, and based upon a detailed examination of Justice Castille's concurring opinions in both *McCree* and *Hernandez* in *Commonwealth v. Brown,* 23 A.3d 544 (Pa.Super.2011) (*en banc*), this Court, sitting *en banc,* unanimously concluded that *McCree* has no precedential value regarding the status and parameters of the limited automobile doctrine except in cases applying the plain view doctrine. *Id.* at 556. Based upon this Court's holding in *Brown* the Commonwealth's contention that *McCree*'s "lack of advance notice" provision applies in this non-plain view case must be rejected.

Instead, under the *White–Luv–Hernandez* definition of exigency under the limited automobile exception in non-plain view cases, here the Commonwealth was required to show either some potential for danger to the police or others, or the possibility of the dissipation of evidence absent an immediate warrantless search. I agree with the Majority that the Commonwealth made no such showing, and that as a result the case must be remanded for a new trial at which the evidence obtained during the warrantless search may not be admitted.