J-S68045-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH DAVID PETERKIN, | : | |
| | : | |
| Appellant | : | No. 485 MDA 2017 |

Appeal from the Judgment of Sentence March 6, 2017
in the Court of Common Pleas of Centre County
Criminal Division, at No(s): CP-14-CR-0001358-2015

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED NOVEMBER 21, 2017**

Keith David Peterkin (Appellant) appeals from the judgment of sentence of four and one-half to nine years of imprisonment following his nonjury convictions for possession with intent to deliver a controlled substance, possession of a small amount of marijuana, possession of a controlled substance, and possession of drug paraphernalia.  Specifically, Appellant challenges the denial of his pre-trial suppression motion.  We affirm.

On July 31, 2015, Troopers Aaron Tiracorda and Christopher Pifer were on a midnight traffic detail with a police dog, K9 Officer Tom.  At approximately 2:30 a.m., the troopers observed suspected illegal window tint on Appellant's vehicle, in violation of 75 Pa.C.S. § 4524.  Trooper Tiracorda activated his emergency lights and spotlight to conduct a traffic stop.  Appellant did not

_____

*Retired Senior Judge assigned to the Superior Court.

immediately stop; he continued to drive for over one minute before pulling over.

The troopers approached Appellant's vehicle and questioned him about his travels that early morning. Appellant was sweating profusely, became increasingly nervous throughout the interaction, and employed "stall tactics" when answering the troopers' questions: he was evasive, would not immediately answer, and provided vague, uncertain answers. N.T., 1/8/2016, at 19.

Trooper Pifer conducted a check of the National Crime Information Center (NCIC) database from the patrol vehicle while Trooper Tiracorda remained with Appellant. At this time, Trooper Tiracorda detected the odor of raw marijuana emanating from the interior of Appellant's vehicle. Trooper Tiracorda returned to the patrol vehicle and notified Trooper Pifer of the smell. The troopers returned to Appellant's vehicle, and Trooper Pifer also detected the odor of marijuana.

Trooper Pifer asked Appellant to exit the vehicle so that Trooper Pifer could explain the warning for the window tint violation. Appellant hesitated before reluctantly exiting the vehicle. The troopers questioned Appellant about the smell of marijuana coming from his vehicle. Appellant initially denied the presence of marijuana in the vehicle, but after several more questions from the troopers, he acknowledged that there was a small amount

of marijuana in the vehicle. Appellant was patted down and placed in handcuffs for officer safety.

Trooper Tiracorda conducted a "pre-search" of the vehicle to ensure the vehicle was safe for K9 Officer Tom. *Id.* at 23. During this pre-search, Trooper Tiracorda recovered approximately $12,000 and a small amount of marijuana from within the center console. K9 Officer Tom searched the vehicle; he alerted the troopers and "indicated on" the center console where the marijuana was found and a birthday present bag located in the backseat. *Id.* At 26. The bag was opened and found to contain approximately one pound of cocaine. The window tint was tested with a tint meter, and the reading indicated that only 22% of light could pass through the window.

Appellant was arrested and charged with possessory offenses for the drugs. Appellant filed a motion to suppress, in which he alleged that the initial traffic stop was illegal, the search of the vehicle was illegal, and any statements made during the stop were not rendered voluntarily, knowingly, and intelligently, in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).

After a hearing, his motion to suppress evidence was denied. The trial court held that the troopers had reasonable suspicion to conduct the traffic stop due to the window tint violation, and that the odor of marijuana and Appellant's admission to the presence of marijuana in the vehicle created

- 3 -

probable cause for the troopers to search the vehicle. Trial Court Opinion, 2/19/2016, at 3-5.

Appellant's motion to suppress statements was granted in part and denied in part. In addressing Appellant's motion to suppress statements, the trial court separated the interaction between Appellant and the troopers into four periods:

> (1) the period from the start of the traffic stop until the initiation of the repetitive questioning of [Appellant] regarding marijuana in the vehicle ("How much do you have in the car? Did you smoke before you left?"); (2) the period from the start of the repetitive questioning until the officers notify [Appellant] that he is under arrest and give [Appellant] an incomplete *Miranda* warning; (3) the period between the arrest and incomplete *Miranda* warning and the second complete *Miranda* warning and; (4) the period after the complete *Miranda* warning.

*Id.* at 8. The trial court held that Appellant's statements in segments (1) and (4) were admissible, but those in segments (2) and (3) were not. Notably, the admission to the presence of a small amount of marijuana occurred during segment (2), and was deemed inadmissible.

Thereafter, Appellant was convicted following a stipulated nonjury trial and sentenced as indicated above. Appellant timely filed a notice of appeal.[1] Appellant presents one question for this Court's consideration: "Did the lower

---

[1] Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court responded with a brief statement indicating that it was relying upon its February 19, 2016 opinion, wherein it addressed its reasons for denying Appellant's motion to suppress.

court err in failing to suppress the results of the illegal search of [Appellant's] vehicle?" Appellant's Brief at 5.

We consider Appellant's question mindful of the following.

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the court[] below are subject to our plenary review.

*Commonwealth v. Perel*, 107 A.3d 185, 188 (Pa. Super. 2014) (quoting

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010)).

On appeal, Appellant does not challenge the validity of the initial traffic stop. Rather, he claims that the troopers lacked probable cause to search the vehicle. Appellant's Brief at 16-17. Specifically, Appellant argues that the trial court could not use his admission of possessing marijuana to establish probable cause because it found that admission to be the product of a custodial interrogation without the procedural safeguards required by

*Miranda*. Appellant goes on to argue that without that admission, the troopers lacked probable cause to search the vehicle.

Because Appellant does not challenge the validity of the initial traffic stop, we begin by addressing the search of Appellant's vehicle. Our Supreme Court has held the following with respect to warrantless searches of vehicles.

> [I]n this Commonwealth, the law governing warrantless searches of motor vehicles is coextensive with federal law under the Fourth Amendment. The prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required. The consistent and firm requirement for probable cause is a strong and sufficient safeguard against illegal searches of motor vehicles, whose inherent mobility and the endless factual circumstances that such mobility engenders constitute a *per se* exigency allowing police officers to make the determination of probable cause in the first instance in the field.

*Commonwealth v. Gary*, 91 A.3d 102, 138 (Pa. 2014) (Opinion Announcing the Judgment of the Court).

> The level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant. The well-established standard for evaluating whether probable cause exists is the "totality of the circumstances" test. This test allows for a flexible, common-sense approach to all circumstances presented. Probable cause typically exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. The evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer.

***Commonwealth v. Runyan***, 160 A.3d 831, 837 (Pa. Super. 2017) (quoting

***Commonwealth v. Lechner***, 685 A.2d 1014, 1016 (Pa. Super. 1996)

(internal citations omitted)).

Following Appellant's suppression hearing, the trial court denied Appellant's motion to suppress evidence, holding that "[t]he odor of marijuana and [Appellant's] admission created probable cause such that the [t]roopers could execute the search of the vehicle and the K9 search of the 'birthday bag[.']" Trial Court Opinion, 2/19/2016, at 5.

We agree with Appellant that because the admission was inadmissible, the trial court could not utilize it as part of its analysis for determining whether the troopers had probable cause to search the vehicle, and erred insofar as it did. Nonetheless, we discern no abuse of discretion or error of law in the trial court's ultimate determination that the evidence seized from the vehicle should not be suppressed.[2]

Even without Appellant's admission, the totality of the circumstances demonstrates that the troopers still had probable cause to believe that an offense had been committed, namely: (1) the illegally tinted windows; (2) Appellant's delayed response to the troopers initiating a traffic stop; (3) Appellant's evasiveness and stalling tactics when answering the troopers'

---

[2] This Court may affirm the trial court's decision on any valid basis. ***Commonwealth v. Janda***, 14 A.3d 147, 161 n.8 (Pa. Super. 2011).

basic questions; (4) Appellant's increased nervousness; (5) Appellant's profuse sweating; (6) the smell of marijuana emanating from Appellant's vehicle; and (7) Appellant's hesitation to exit the vehicle to receive a warning. These circumstances, viewed in the aggregate, would cause a reasonable officer to believe that Appellant possessed contraband in the vehicle. ***See Commonwealth v. Gelineau***, 696 A.2d 188, 192-94 (Pa. Super. 1997) (holding sufficient probable cause to search vehicle without a warrant where officer smelled raw marijuana, but ultimately held search unreasonable in pre-***Gary*** case because failed to establish exigent circumstances); ***Commonwealth v. Stainbrook***, 471 A.2d 1223, 1225 (Pa. Super. 1984) (holding sufficient probable cause to search vehicle without a warrant where defendant exhibited furtive behavior and the officer detected the odor of burning marijuana).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2017