J-A05017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN MONEE JOHNSON | : | |
| | : | |
| Appellant | : | No. 850 WDA 2018 |

Appeal from the Judgment of Sentence February 26, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010529-2017


BEFORE: GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 28, 2019**

Appellant, Jordan Monee Johnson, appeals from the judgment of sentence entered on February 26, 2018, following her convictions for firearms not to be carried without a license and carrying a loaded weapon other than firearms.[1]  Appellant argues that the trial court erred in denying her motion to suppress, which was filed on January 25, 2018.   After careful review, we affirm.

The trial court set forth the following factual history:

The facts presented at the suppression hearing established the following. Trooper James R. Sellers has been a Pennsylvania State Trooper for approximately three years and, prior to that, he was employed as a local law enforcement officer for approximately four years. Hrg. Tran. P. 4 (02/26/18). On July 28, 2017, Trooper Sellers was performing speed enforcement on State Route 28 in Allegheny County when he observed a vehicle traveling at 82

_____

[1] 18 Pa.C.S. § 6106(a)(1) and 18 Pa.C.S. § 6106.1(a), respectively.

m.p.h. in a 55 m.p.h. zone. Id. at 5. Trooper Sellers initiated a traffic stop of the vehicle. Id. Trooper Sellers then verified that the driver of the vehicle had a valid license. Id. Appellant was seated in the rear passenger seat of the vehicle. Id. Immediately upon making contact with the vehicle and its occupants, Trooper Sellers observed a smell of marijuana coming from the vehicle. Id. at 6. Trooper Sellers testified that the front seat passenger, Taalibe Glover, admitted that they had been smoking in the vehicle shortly before the traffic stop. Id. Additionally, Glover admitting to having marijuana on his person and provided a small bag of marijuana to Trooper Sellers. Id. at 6. At that time, Trooper Sellers requested permission from the driver to search the vehicle, and the driver consented. Id. at 6-7. Trooper Sellers testified that had the driver refused to consent, he would have conducted the search of the vehicle in any event on the basis of probable cause that there was additional marijuana in the vehicle. Id. at 8. While searching the vehicle, Trooper Sellers observed a black leather purse in the backseat. Id. at 7. Trooper Sellers observed a black Smith and Wesson 38 Special inside of the purse. Id. Trooper Sellers then requested dispatch to run the serial number of the gun, which was returned with no record of sale. Id. Trooper Sellers then asked Appellant if the purse and gun belonged to her to which she conceded they both did. Id. After running Appellant's information, Trooper Sellers determined that Appellant did not possess a permit to carry a concealed firearm. Id. Appellant was then arrested and charges were filed against her. Id.

Trial Court Opinion, 8/15/18, at 3–4.

Appellant was initially charged with carrying a firearm without a license (count one), carrying a loaded weapon other than firearms (count two), and disorderly conduct (count three). Prior to trial, Appellant filed a motion to suppress the firearm that Trooper Sellers found in her purse, alleging that the search was illegal under the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution. Motion to Suppress, 1/25/18, at unnumbered 2–3. Specifically, Appellant argued that

Trooper Sellers lacked probable cause or valid consent to search her handbag. *Id*. at 3.

The trial court held a hearing on the motion to suppress on February 26, 2018. The trial court denied the motion to suppress that same day, and the case immediately proceeded to a nonjury trial. N.T. (Suppression), 2/26/18, at 28. Following the nonjury trial, the trial court found Appellant guilty of count one, carrying a firearm not to be carried without a license, and count two, carrying a loaded weapon other than firearms. *Id*. at 54. The trial court sentenced Appellant to twelve months of probation at count one and imposed no further sentence at count two. *Id*. at 57; Order of Sentence, 2/26/18. Appellant filed post-sentence motions on March 1, 2018, and April 16, 2018, which the trial court denied on May 9, 2018. Order, 5/9/18. Appellant filed a timely notice of appeal on June 7, 2018. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review:

I.    Whether the trial court erred in denying [Appellant's] Motion to Suppress where police lacked a warrant supported by probable cause or an exception to the warrant requirement under the United States Constitution or the Pennsylvania Constitution to search [Appellant's] purse?

Appellant's Brief at 4.

With respect to an appeal from the denial of a motion to suppress, our Supreme Court has stated the following:

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are

supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record .... Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007) (citations omitted). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Gallagher*, 896 A.2d 583, 585 (Pa. Super. 2006). Moreover, we note that our scope of review from a suppression ruling is limited to the evidentiary record that was created at the suppression hearing. *In re L.J.*, 79 A.3d 1073, 1087 (Pa. 2013). In addition, questions of the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Commonwealth v. Freidl*, 834 A.2d 638, 641 (Pa. Super. 2003).

In support of her appeal, Appellant argues that Trooper Sellers' search of her purse lacked probable cause and was based "on nothing more than a hunch."[2] Appellant's Brief at 9. Specifically, Appellant avers there was nothing in her interaction with Trooper Sellers that suggested she was

---

[2] Appellant also argues that the driver's consent to search the vehicle was invalid because the driver did not have authority over Appellant's belongings. Appellant's Brief at 17. Because we find Trooper Sellers had probable cause to search the automobile and the containers within the automobile, we need not address Appellant's consent argument.

- 4 -

engaged in criminal activity. *Id*. Appellant posits that probable cause to search the automobile was not established despite the fact that Trooper Sellers smelled burnt marijuana, Mr. Glover admitted that they had just smoked marijuana, and Mr. Glover gave Trooper Sellers a small bag of marijuana. *Id*. at 10. Appellant further avers that although the automobile exception to the search warrant requirement allowed police to search the vehicle without a search-warrant pursuant to *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014) (plurality), she retained an expectation of privacy in her purse. Appellant's Brief at 15.

Appellant's reliance on *Gary* is misplaced. In that case, our Supreme Court addressed the requirements for a warrantless search of a motor vehicle in the Commonwealth. *Gary*, 91 A.3d at 104. In *Gary*, a majority of Justices agreed to align Pennsylvania constitutional law with federal constitutional law as it relates to the automobile exception. *Id*. 138. Pursuant to the federal automobile exception to the warrant requirement, police may search an automobile upon a showing of probable cause without an additional showing of exigency.[3] *Id*. The Court held:

> [O]ur review reveals no compelling reason to interpret Article I, Section 8 of the Pennsylvania Constitution as providing greater protection with regard to warrantless searches of motor vehicles than does the Fourth Amendment. Therefore, we hold that, in this

---

[3] Prior to our Supreme Court's adoption of the federal automobile exception, Pennsylvania law required police to have both probable cause and exigent circumstances before conducting a warrantless search of an automobile. *Gary*, 91 A.3d at 120.

Commonwealth, the law governing warrantless searches of motor vehicles is coextensive with federal law under the Fourth Amendment.

*Gary*, 91 A.3d at 138.  Given our Supreme Court's holding in *Gary* that federal and Pennsylvania law are coextensive on this issue, we look to the jurisprudence of the Supreme Court of the United States as it relates to warrantless searches of an automobile.  *See In re I.M.S.*, 124 A.3d 311, 317 (Pa. Super. 2015) ("[I]n light of the *Gary* Court's clear holding that Pennsylvania automobile search and seizure law and federal Fourth Amendment Jurisprudence are coextensive, [*Wyoming v. Houghton,* 526 U.S. 295 (1999)] necessarily now applies.").

In *Houghton*, the Supreme Court of the United States held that "a passenger's personal belongings, just like the driver's belongings or containers attached to the car like a glove compartment, are 'in' the car, and the officer has probable cause to search for contraband in the car." *Houghton*, 526 U.S. at 302.  Moreover, the Court noted that once probable cause to search for contraband in a car has been established, the police may search packages and containers in the car without a showing of individualized probable cause for each item.  *Id*.  The *Houghton* Court also held passengers:

possess a reduced expectation of privacy with regard to the property that they transport in cars, which travel public thoroughfares, seldom serve as the repository for personal effects, are subjected to police stop and examination to enforce pervasive governmental controls as an everyday occurrence and, finally, are exposed to traffic accidents that may render all their contents open to public scrutiny.

*Id*. at 303. *See also Commonwealth v. Runyan* 160 A.3d 831, 837 (Pa. Super. 2018) (citing *Houghton*, and concluding if the officer had probable cause to search the vehicle for contraband, "he was also permitted to search any container found therein where the contraband could be concealed, including Appellee's purse.") and *I.M.S.*, 124 A.3d at 317 (finding that where an officer has probable cause to search a vehicle, that officer may search any container therein where contraband could be concealed).

The standard for determining whether probable cause exists is well settled:

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only *a* probability*,* and not a prima facie showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (quotations and citations omitted). "Probable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most reasonable inference." *Commonwealth v. Spieler*, 887 A.2d 1271, 1275 (Pa. Super. 2005).

Probable cause existed in the instant case. Trooper Sellers smelled burnt marijuana when he approached the car. N.T. (Suppression), 2/26/18,

at 6.  It is well established in this Commonwealth that "where an officer is justified in being where he is, his detection of the odor of marijuana is sufficient to establish probable cause." ***Commonwealth v. Stainbrook***, 471 A.2d 1223, 1225 (Pa. Super. 1984) (citing ***Commonwealth v. Stoner***, 344 A.2d 633 (1975)).  Further, it is undisputed that Mr. Glover admitted to Trooper Sellers that the individuals in the car had just smoked marijuana prior to being pulled over, and Mr. Glover handed Trooper Sellers a small bag of marijuana.  N.T. (Suppression), 2/26/18, at 6.  Moreover, we note that Trooper Sellers testified that he has conducted over 1,000 traffic stops and would search a vehicle if he smelled marijuana or saw contraband in plain sight.  ***Id***. at 5.  He further testified that he would search any compartment in the vehicle where the marijuana or paraphernalia could be found, because "often [times] there is a second stash in the vehicle."  ***Id***. at 14.

The trial court did not err when it found Trooper Sellers possessed probable cause to search the vehicle and the containers therein.  ***See Commonwealth v. Hoffman***, 589 A.2d 737, 744 (Pa. Super. 1991) (finding probable cause existed to search "the passenger compartment, the field jacket, and containers therein, as possible places where drugs may be found" in a car after a Trooper observed a waterpipe or "bong" in the interior of Appellant's car); ***see also Commonwealth v. Gelineau***, 696 A.2d 188, 192 (Pa. Super. 1997) (finding that probable cause existed to search a vehicle

when Trooper smelled burnt marijuana and saw marijuana residue in one of the vehicle's passenger's pockets).

As we find no merit to the issue raised in this appeal, we affirm the judgment of sentence.  Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/2019