685 A.2d 535

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Alfred EVANS, Appellant.**

Supreme Court of Pennsylvania.

Argued April 30, 1996.

Decided Nov. 21, 1996.

418

David M. McGlaughlin, Philadelphia, for Alfred Evans.

Peter J. Gardner, Philadelphia, for Commonwealth.

Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## *ORDER*

PER CURIAM:

The Court being evenly divided, the Order of the Superior Court is hereby affirmed.

NIX, Former C.J., did not participate in the consideration or decision of this case.

CAPPY, J., files an opinion in support of affirmance in which CASTILLE and NEWMAN, JJ., join.

NIGRO, J., files an opinion in support of reversal in which FLAHERTY, C.J., and ZAPPALA, J., join.

## OPINION IN SUPPORT OF AFFIRMANCE

CAPPY, Justice.

The sole issue to be addressed in this appeal is whether there was sufficient probable cause to support the arrest of Appellant. Upon motion of Appellant, the Municipal Court of Philadelphia suppressed the evidence found as a result of this arrest. The Court of Common Pleas of Philadelphia County denied the Commonwealth's Petition for Certiorari and/or Appeal. The Superior Court reversed the order denying certiorari and/or appeal and remanded the matter for further proceedings. For the reasons that follow, we affirm the order of the Superior Court.

When reviewing rulings of a suppression court, we must determine whether the record supports that court's factual findings. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. *Commonwealth v. Cortez*, 507 Pa. 529, 491 A.2d 111 (1985), *cert. denied*, 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985); *see also Commonwealth v. DeWitt*, 530 Pa. 299, 302, 608 A.2d 1030, 1031 (1992).

The facts as found by the Municipal Court, and which we find to be supported by the record, are as follows. At approximately 6:30 a.m. on June 25, 1992, Officer Robert Snyder of the Philadelphia Highway patrol unit, while on routine patrol on Interstate 95 ("I–95") in the area of Aramingo Avenue and York Street, observed Appellant operating a vehicle with expired temporary tags. Officer Snyder signaled for Appellant to pull into a nearby gas station. Appellant pulled into the gas station, but instead of stopping, proceeded around the building towards the entrance ramp of I–95. Fearing that Appellant was attempting to flee, Officer Snyder pulled his vehicle in front of Appellant so as to block his route of travel and ordered Appellant to turn off his motor. As the officer was alighting from his vehicle, Appellant quickly exited his vehicle and walked to the back of his vehicle and away from Officer Snyder. Officer Snyder then approached Appel-

lant and requested that he produce some form of identification as well as a title or registration for the vehicle.

After fumbling through his pockets, Appellant indicated that he did not have any registration, but that he did have a title for the vehicle. Appellant then walked back towards his vehicle with Officer Snyder following close behind. According to the testimony of Officer Snyder, Appellant kept glancing over his shoulder as if to see where the officer was and then proceeded to open his car door slowly and bend inside. Due to Appellant's suspicious behavior, Officer Snyder walked up behind Appellant and ordered him to stop. It was at that time that Officer Snyder noticed an object, protruding from under the driver's seat, which was approximately three (3) to four (4) inches wide and two (2) inches deep wrapped in yellowish tinted plastic. Suspecting that the package contained narcotics, Officer Snyder immediately handcuffed Appellant and placed him under arrest. The officer testified that although he could not see through the wrapping of the package, he believed that the package contained narcotics based upon his prior experience as a police officer. Specifically, he testified that he has been a Philadelphia police officer for approximately thirteen (13) years during which time he was temporarily assigned to the Bureau of Narcotics Investigation, and that he had personally seen, perhaps fifty (50) times or more, narcotics packaged in similar "kilo" or "brick type" wrappings.

Appellant testified on his own behalf, relating a very different factual scenario than that of Officer Snyder. The Municipal Court judge, however, specifically found Officer Snyder's testimony to be more credible, thus accepting his rendition of the facts. However, the Municipal Court ultimately suppressed the evidence seized as a result of this warrantless arrest, finding that the officer's belief that the package contained narcotics was nothing more than speculation and thus, insufficient to establish probable cause to arrest.[1]

1. Although not explicitly agreeing with the Municipal Court's finding of credibility, Appellant, in his brief to this court, concedes, for purposes of the present appeal, those facts as found by the Municipal Court,

On application for permission to appeal filed by the Commonwealth, the trial court agreed with the Municipal Court that the facts here were insufficient to support a finding of probable cause to arrest and, thus, denied the Commonwealth's request for permission to appeal. In its opinion in support of that denial, the trial court reasoned that Officer Snyder's observation of the wrapped object and his "**subjective belief**" that the package contained narcotics was insufficient to support a finding of probable cause. Tr. ct. op. pp. 10–11 (emphasis in the original).

Following that denial, the Commonwealth appealed to the Superior Court, certifying that the suppression order substantially handicapped its prosecution. As noted previously herein, the Superior Court reversed, finding that the facts as found to be credible by the Municipal Court were sufficient to establish probable cause to arrest Appellant. Judge Hoffman dissented, essentially agreeing with the suppression and trial court's conclusions that the facts of which Officer Snyder had knowledge at the time of the arrest rose no higher than that of suspicion. Significant for purposes of the present appeal, is the Superior Court panel majority's reliance, in part, upon the officer's familiarity, due to his prior extensive experience, with narcotics being similarly packaged in kilo-sized bricks, to support its conclusion that probable cause to arrest was met.

■■■ To be constitutionally valid, a warrantless arrest must, of course, be supported by probable cause. *Commonwealth v. Barnett,* 484 Pa. 211, 398 A.2d 1019 (1979). It is well-settled that in considering whether probable cause exists to justify a warrantless arrest, the totality of the circumstances must be considered. *Commonwealth v. Banks,* 540 Pa. 453, 658 A.2d 752 (1995), *citing Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).[2] As this court has

arguing only that the Superior Court's conclusion of law on those facts was incorrect.

**2.** Pennsylvania has adopted, as our state constitutional standard, the federal standard for determining probable cause. *Commonwealth v. Weidenmoyer,* 518 Pa. 2, 539 A.2d 1291 (1988); *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985).

held, "probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Gibson,* 536 Pa. 123, 130, 638 A.2d 203, 206 (1994). As we quoted several years ago, probable cause must be "viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training." *Commonwealth v. Norwood,* 456 Pa. 330, 334, 319 A.2d 908, 910 (1974) (citation omitted).

 Our case law makes clear, as well, that mere suspicion alone will not support a finding of probable cause. *Commonwealth v. Kelly,* 487 Pa. 174, 409 A.2d 21 (1979)(mere sight of a small amber-colored prescription vial on the seat of an automobile, without more, does not suffice to establish the requisite probable cause for arrest). However, it is also true that, to establish probable cause to arrest, criminal activity need not be shown to, in fact, exist, but rather only that it may be reasonably inferred from the circumstances. *Commonwealth v. Weidenmoyer,* 518 Pa. 2, 13, 539 A.2d 1291, 1297 (1988). The crucial determination for purposes of the present appeal is, thus, whether the officer's belief that the package observed protruding from under the seat contained narcotics, *when viewed under the totality of the circumstances,* constitutes only a suspicion or a reasonable inference of criminal activity.

As mentioned above, the Superior Court majority here concluded that Officer Snyder's belief that the package contained narcotics constituted a reasonable inference based on the facts known to him at the time of the arrest. One of the factors considered, *albeit* not the only factor, was the officer's knowledge, gained through prior experiences, that narcotics are oftentimes packaged in a similar manner.

Appellant submits that the Superior Court erred in considering Officer Snyder's prior police experience involving observations of narcotics being similarly packaged when assessing whether there existed probable cause to arrest Appellant.

Appellant claims that because the package could have contained something other than narcotics, the officer could not "reasonably know" just what it did contain but, rather only "suspected" what it contained and that the trial and municipal court were, thus, correct in finding that the officer's belief rose no higher than that of suspicion. Appellant argues that the Superior Court's holding here is inconsistent with the law of probable cause and that its reliance on federal precedent permitting an officer to seize an object under the "plain view" doctrine where, given his prior experience, he has probable cause to believe the object is, or contains, contraband should not be countenanced by this court.[3] According to Appellant, to permit such warrantless arrests based solely upon the observation of an object, the illegal nature of which is not immediately apparent, will simply promote random searches and seizures without the barest of constitutional foundations. While tantalizing as framed by Appellant, his argument is a distortion of the Superior Court's holding here as well as the federal cases which have addressed the "plain view" exception in connection with an officer's observation of certain containers and/or packages.

It is not the mere possession of such containers, but rather the totality of the circumstances which dictated the Superior Court's conclusion here. This is true, as well, with respect to the federal cases criticized by Appellant. *See, e.g., Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); *United States v. Robles,* 37 F.3d 1260 (7th Cir.1994); *United*

---

**3.** Although Appellant's argument on this point is not entirely clear, he seems to imply at one point that we should not adopt, as our state constitutional standard, the "modification" of the plain view doctrine espoused by the Superior Court here as well as in the federal precedent set forth in that court's opinion. However, as discussed *infra,* we do not agree with Appellant's interpretation that there has, indeed, been a "modification." Appellant seems to agree that, in all other respects, our state constitutional standard for probable cause is equivalent to that of the federal constitutional standard. What Appellant really argues is that those federal cases, as well as the numerous Superior Court cases following those federal cases, should be rejected by this court. Although somewhat convoluted, this argument of Appellant is nothing more than a continuation of his first argument to wit that probable cause should not be found to exist based solely upon the possession of an object.

*States v. Prandy–Binett,* 995 F.2d 1069 (D.C.Cir.1993), *cert. denied* 510 U.S. 1167, 114 S.Ct. 1196, 127 L.Ed.2d 545 (1994); *United States v. Moreno,* 897 F.2d 26 (2d Cir.1990), *cert. denied* 497 U.S. 1009, 110 S.Ct. 3250, 111 L.Ed.2d 760 (1990); *United States v. Cardona–Rivera,* 904 F.2d 1149 (7th Cir. 1990); *United States v. Barrios–Moriera,* 872 F.2d 12 (2d Cir.1989), *cert. denied* 493 U.S. 953, 110 S.Ct. 364, 107 L.Ed.2d 350 (1989). In none of the above-cited cases did the courts find that the mere observation of a container or package, the likes of which an officer has known, in the past, to contain narcotics, was sufficient to establish probable cause. Instead, it was the holdings of those courts that when viewed together with the additional incriminating facts, an officer's observation and evaluation of suspect containers and/or packages are appropriate factors to consider in ascertaining whether the warrantless arrest was supported by probable cause.

Moreover, Appellant's argument, as does the rulings of the suppression court and the trial court below, distorts the well-established standard for finding probable cause. In finding that Officer Snyder's belief here rose no higher than that of supposition, both the Municipal Court and the trial court found significant the testimony of Officer Snyder to wit that he believed the package contained narcotics but that he was unable to actually see the contents of the package. Both of those courts seemingly equated the term "believe" or "belief" with mere suspicion or a hunch. Apparently neither court accorded any weight to the officer's prior experience; particularly the fact that, on at least fifty occasions during his thirteen years of employment with the Philadelphia Police Department and the Bureau of Narcotics Investigation, he had observed narcotics packaged in a similar manner. Indeed, the trial court implies that one's **"belief"** would always constitute mere supposition and never be a reasonable or objective conclusion even if based upon prior actual, and hence observable, experiences. (Tr. ct. op. pp. 9–11). Appellant, too, relies principally upon the inability of the officer to actually see the contents of the package. Such an interpretation, however, serves to elevate the standard of probable cause to that of

almost actual certitude. This is clearly an erroneous interpretation as the standard for determining probable cause has never been held to be such an exacting one. *See Commonwealth v. Weidenmoyer, supra.*

And, contrary to Appellant's assertions, this court has found in the past, that an experienced officer's observations of either drugs or containers commonly known to hold drugs is one factor to be considered in determining whether probable cause exists. *See Commonwealth v. Banks, supra, citing Commonwealth v. Burnside,* 425 Pa.Super. 425, 625 A.2d 678 (1993); *cf Commonwealth v. Kelly, supra* (mere observation of a prescription vial on the seat of an automobile, without more, does not suffice to establish probable cause). Our reliance here on Officer Snyder's prior experience with similarly wrapped packages, then, is not a novel approach nor is it one that is at odds with traditional notions of probable cause.

Given the foregoing, we cannot escape the conclusion that Officer Snyder had probable cause to arrest Appellant. We find compelling, as did the Superior Court, not only Officer Snyder's familiarity with such packaging and its use as being indicative of the transportation of illegal drugs, but also the additional factors which confronted Officer Snyder immediately prior to the arrest including specifically Appellant's apparent attempt to elude the stop; his repeated glances over his shoulder to check Officer Snyder's location as he opened his car door to retrieve his identification; and the fact that the plastic wrapped "brick" was partially concealed under the seat.

Accordingly, the decision of the Superior Court is affirmed.

NIX, Former C.J., did not participate in the consideration or decision of this case.

CASTILLE and NEWMAN, JJ., join this Opinion in Support of Affirmance.

NIGRO, J., files an Opinion in Support of Reversal in which FLAHERTY and ZAPPALA, JJ., join.

*OPINION IN SUPPORT OF REVERSAL*

NIGRO, Justice.

Because I disagree that probable cause supported Appellant's arrest, I respectfully dissent. Suspicion is not a substitute for probable cause as grounds for an arrest or search and seizure. *Commonwealth v. Kelly,* 487 Pa. 174, 178, 409 A.2d 21, 23 (1979). Officer Snyder arrested Appellant based solely upon speculation that a package in his car contained drugs. He admitted that he could not see what was inside the package.

As the Opinion in Support of Affirmance acknowledges, courts have required more than the observation of a package commonly used to transport drugs to establish probable cause. In *Texas v. Brown,* 460 U.S. 730, 742–43, 103 S.Ct. 1535, 1543–44, 75 L.Ed.2d 502 (1983), for example, there was probable cause to believe that a balloon commonly used to package drugs contained drugs where police also saw drugs and paraphernalia in the car. Similarly, in *Commonwealth v. Mallory,* 418 Pa.Super. 614, 617–18, 614 A.2d 1174, 1176–77 (1992), *appeal denied,* 533 Pa. 632, 621 A.2d 578 (1993), there was probable cause to arrest the defendant where the police saw him try to hide a plastic baggie during the arrest of a known drug dealer in an area with frequent drug activity.

In contrast, the circumstances surrounding Appellant's arrest did not support that he was involved in illegal drug activity. Appellant's failure to immediately stop his car when signalled and his glances over his shoulder may have made Officer Snyder suspicious. Suspicion, however, is not enough. There were no facts suggesting that the object in the car contained drugs. Allowing police officers to arrest drivers when they see packages in their cars without any other facts suggesting drug activity opens the door for unwarranted searches and impinges upon the rights guaranteed by the Fourth Amendment. For these reasons, I believe that the Superior Court's decision should be reversed.

FLAHERTY, C.J., and ZAPPALA, J., join in this opinion.