J. A06003/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NILES ANTHONY LAVIN, | : | |
| | : | |
| Appellant | : | No. 912 MDA 2015 |

Appeal from the Judgement of Sentence February 17, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000837-2014

BEFORE: LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                                    **FILED JUNE 06, 2016**

Appellant, Niles Anthony Lavin, appeals from the Judgment of Sentence entered February 17, 2015, in the Court of Common Pleas of Cumberland County. After careful review, we affirm the denial of Appellant's Motion to Suppress, but find that the trial court improperly imposed a mandatory minimum sentence under a statute that this Court held unconstitutional three months prior to Appellant's sentencing. Therefore, we vacate and remand for resentencing.

Appellant and the Commonwealth previously stipulated to the following factual history.

> 1. On February 25, 2014, members of the Cumberland County Drug Task Force obtained a search warrant for Apartment 3, 55 West Main Street, Mechanicsburg, Pennsylvania.

2. [Appellant] resided at that apartment which [his mother] leased[.]

3. Earlier in the day[,] the members of the Drug Task Force had served a warrant on the co-defendant's residence.

4. Detective Temple is a member of the Drug Task Force who assisted in serving the warrants on both [Appellant's] and co-defendant's residences.

5. At the co-defendant's residence[,] Detective Temple had personally observed sticks of heroin, several firearms and the [Appellant's] scooter.

6. The search warrant for [Appellant's] residence contained the following relevant information:

> (a) A cooperating individual had made a controlled purchase of heroin from the co-defendant's residence within the past five days.
>
> (b) The cooperating individual advised that the co-defendant was selling three to four sticks (420 to 580 bags) of heroin to [Appellant] every couple [of] days.
>
> (c) The co-defendant confirmed that he sold [Appellant] three to four sticks of heroin every couple [of] days
>
> (d) The co-defendant stated that he had provided [Appellant] three sticks (420 bags) of heroin the night before.
>
> (e) The co-defendant stated that [Appellant] uses his cell phone to communicate with him.
>
> (f) A member of the Drug Task Force had seen [Appellant] leave the co-defendant's residence within the past week.

7. Detective Temple participated in a briefing of the officers who would be involved in serving the search warrant on [Appellant's] residence.

8. When the police arrived to execute the search warrant on [Appellant's] residence[,] they found him outside on the front porch waiting for his mother. The door was locked and he had no key.

9. [Appellant] was exhibiting obvious signs of intoxication.

10. Detective Temple placed [Appellant] into custody, handcuffed and searched him.

11. The search of [Appellant] resulted in the seizure of 250 bags of heroin, a large amount of cash and a cell phone.

12. The search warrant was subsequently served on the residence resulting in the seizure of additional evidence, including drugs and drug paraphernalia.

Trial Court Opinion, dated 8/21/15, at 2-3.

Appellant was charged with one count each of Unlawful Delivery or Manufacture or Possession with Intent to Deliver a Controlled Substance; Unlawful Possession of a Controlled Substance; Unlawful Possession of Small Amount of Marijuana; and Unlawful Possession of Drug Paraphernalia.[1]

Prior to trial, Appellant filed a Motion to Suppress and the Honorable Edward E. Guido held a hearing on the motion. On September 5, 2014, Judge Guido denied Appellant's motion in an Opinion that included the twelve findings of fact reproduced above. Moreover, Judge Guido concluded that: (i) there was sufficient probable cause to issue the search warrant for Appellant's residence; (ii) the police lacked probable cause to arrest Appellant for public drunkenness; (iii) the police did have sufficient probable

---

[1] 35 P.S. § 780-113(a)(30); 35 P.S. § 780-113(a)(16); 35 P.S. § 780-113(a)(31)(i); and 35 P.S. § 780-113(a)(32), respectively.

cause to arrest Appellant for conspiracy to distribute heroin; and (iv) the evidence recovered from Appellant's person was the result of a valid search incident to a lawful arrest. *See* Memorandum Opinion, dated 9/5/14, at 2-3.

The parties stipulated to the facts as found by Judge Guido in his Opinion, and proceeded to a stipulated bench trial before the Honorable Thomas A. Placey. Trial Court Opinion, dated 8/21/15, at 1. Judge Placey convicted Appellant of all four charges.

On February 17, 2015, Judge Placey sentenced Appellant to a mandatory minimum sentence of five to ten years of incarceration pursuant to 18 Pa.C.S. § 7508(a)(7)(ii). Appellant filed a timely Post-Sentence Motion on February 26, 2015, again arguing that police lacked probable cause to arrest Appellant and challenging the admissibility of evidence recovered in a search incident to that arrest.

On May 7, 2015, Judge Placey denied Appellant's Post-Sentence Motion in an Opinion, concluding that, even assuming *arguendo* that police lacked probable cause to arrest and search Appellant when they did, the evidence was admissible under the inevitable discovery doctrine. *See* Opinion and Order of Court, dated 5/7/15, at 6.[2]

---

[2] Judge Placey did not overturn Judge Guido's determination that police had sufficient probable cause to arrest Appellant. In fact, Judge Placey noted that he would have found probable cause to arrest Appellant for public drunkenness. Opinion and Order of Court, dated 5/7/15, at 6 n.1.

Appellant filed a timely Notice of Appeal. In compliance with the trial court's order, Appellant then filed a Rule 1925(b) Statement of Errors Complained of on Appeal. The trial court filed a Rule 1925(a) Opinion.

On appeal, Appellant raises three issues for our review.

1. Did the suppression court err when it denied Appellant's Omnibus Pre-Trial Motion given that there was insufficient evidence to show that the arresting officers had probable cause to arrest Appellant for conspiracy and search him?

2. Did the post-sentence motion court err or abuse its discretion when it determined that the illegality of the arrest and search was harmless error under the inevitable discovery doctrine given that the court had no facts in the record to support this conclusion?

3. Did the court impose an illegal sentence given that the statute mandating the sentence has been found to be constitutionally infirm?

Appellant's Brief at 4.

Appellant's first two issues may be better understood as a single challenge to the admissibility of evidence recovered from Appellant's person in a search incident to a warrantless arrest. After careful review, we agree with Judge Guido's and Judge Placey's determination that police had sufficient probable cause to arrest Appellant for conspiracy to distribute heroin. Therefore, we need not reach the issue of whether the heroin recovered from Appellant's person is otherwise admissible under the doctrine of inevitable discovery.

Our standard of review in an appeal from an order denying a Motion to Suppress is as follows:

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (citation omitted).

"To be constitutionally valid, a warrantless arrest must, of course, be supported by probable cause." *Commonwealth v. Evans*, 685 A.2d 535, 537 (Pa. 1996) (citation omitted). Probable cause to stop and arrest a defendant exists when "the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Rodriguez*, 585 A.2d 988, 990 (Pa. 1991) (citation omitted). As our Supreme Court has made clear:

The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require **only a probability**, and not a prima facie showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (emphasis in original) (quotations and citations omitted).

Our Supreme Court has given further guidance in cases where, as here, one or more informants provide information relevant to establishing probable cause for a warrantless arrest. In such cases, the totality of the circumstances to be considered includes "the informant's veracity, reliability and basis of knowledge[.]" *In the Interest of O.A.*, 717 A.2d 490, 495-96 (Pa. 1998) (citing *Illinois v. Gates*, 462 U.S. 213, 233 (1983)). "An informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, **or where the informant himself participated in the criminal activity**." *Commonwealth v. Luv*, 735 A.2d 87, 90 (Pa. 1999) (emphasis added) (citations omitted).

In the instant case, the totality of the circumstances provides ample support for the trial court's determination that police had probable cause to arrest Appellant for conspiracy to distribute heroin. Two different witnesses, the co-defendant and the cooperating individual, informed police that Appellant was buying hundreds of bags of heroin multiple times per week from the co-defendant. The reliability of these statements was supported by the fact that: (i) the co-defendant was a participant in the criminal activity, (ii) a police officer had recently seen Appellant leaving the co-defendant's residence, (iii) Appellant's scooter was found at the co-defendant's residence, and (iv) both witnesses gave consistent information to police

regarding the quantity of heroin Appellant would buy from the co-defendant and how often those buys would occur.

Therefore, we conclude that under the totality of the circumstances and based on the information that the co-defendant and cooperating individual provided, police officers had sufficient probable cause to arrest Appellant for conspiracy to distribute heroin. Moreover, we conclude that the trial court did not err in admitting evidence seized as a result of the search of Appellant incident to his lawful arrest.

In his second issue, Appellant correctly points out that the trial court imposed an illegal sentence when it sentenced Appellant to a mandatory minimum pursuant to 18 Pa.C.S. § 7508(a)(7)(ii). "A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (citation omitted). The legality of a sentence is a question of law, and as such our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa. Super. 2012).

This Court has previously held that trial courts may not impose mandatory minimum sentences under Section 7508, which contains a non-severable, unconstitutional subsection. *Commonwealth v. Cardwell*, 105 A.3d 748, 754 (Pa. Super. 2014). In *Cardwell*, as here, the trial court convicted the appellant following a bench trial at which he stipulated to the

weight of the controlled substances he possessed. *Id.* at 749, 753. Thereafter, the trial court sentenced him under the mandatory minimum statute at Section 7508. *Id.* at 749. This Court vacated the appellant's sentence, holding a mandatory minimum sentence imposed under Section 7508 illegal even in cases where an appellant stipulates to the total weight of the controlled substance at issue. *Id.* at 754-55.

This Court filed our decision in *Cardwell* on November 25, 2014. When the trial court sentenced Appellant some three months after our decision in *Cardwell*, it did so subject to our binding precedent holding mandatory minimum sentences under Section 7508 unconstitutional. Therefore, we hold that the trial court erred when it sentenced Appellant to a mandatory minimum sentence under Section 7508 in direct contravention of our holding in *Cardwell*. Accordingly, the trial court's February 17, 2015 Judgment of Sentence is vacated, and the case is remanded for resentencing.

Judgment of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/6/2016