J-S64002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JULIUS HARVEY | |
| Appellant | No. 203 MDA 2017 |

Appeal from the Judgment of Sentence December 29, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000717-2016

BEFORE:  PANELLA, J., SHOGAN, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 08, 2017**

Appellant, Julius Harvey, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas following his conviction for driving under the influence ("DUI"). Harvey contends the suppression court erred as a matter of law when it concluded Harvey's arrest was supported by probable cause. Further, Harvey argues the Commonwealth presented insufficient evidence to support his conviction. We affirm.

On November 6, 2015, following a traffic stop and welfare check, Harvey was charged through the filing of a criminal complaint with DUI-controlled

_____

[*] Former Justice specially assigned to the Superior Court.

substance,[1] possession of drug paraphernalia,[2] and driving without a license.[3]

Harvey filed a motion to suppress. The court held a suppression hearing.

The court aptly summarized the testimony presented at the suppression

hearing as follows:

> On October 16, 2015, at approximately 3:00 p.m., Sheena Zerbe-Monk was being driven home by a coworker from her job at Arden Courts off of Lingelstown Road. Ms. Monk and her driver were on Progress Avenue when Ms. Monk noticed a Cadillac in the right hand lane stopped at a green light. The front end of the Cadillac was in the left lane, and the driver's head was against the window. Ms. Monk testified that many cars were passing and beeping. Ms. Monk said she got a good look at the driver and identified him as [] Harvey in the courtroom. Ms. Monk stated that she was worried that [Harvey] might have had a heart attack or stroke, so she asked her coworker if they should stop and check on him. Before they could do so, Ms. Monk observed the Cadillac take off and catch up to them. [Harvey] then cut right in front of the car Ms. Monk was riding in. She testified that they remained behind him and he was swerving, braking, slamming on the gas and driving "really crazy." Ms. Monk was concerned about other drivers and kids, because it was right after school hours. Ms. Monk then watched [Harvey] as he pulled into a Wendy's [parking lot]. As Ms. Monk and her coworker continued to her apartment, which was a very short distance from the Wendy's, Ms. Monk saw Officer Justin Doyle on foot patrol and "frantically ran up to him." She asked the officer to please go find [Harvey] because she did not want him to get back on the road.

---

[1] 75 Pa.C.S.A. § 3802(d)(2). Harvey was also initially charged with a second count of DUI-controlled substance, pursuant to 75 Pa.C.S.A. § 3802(d)(1)(ii), but this charge was later withdrawn by the Commonwealth. **See** N.T., Suppression/Bench Trial, 12/29/16, at 3.

[2] 75 Pa.C.S.A. § 780-113(a)(32).

[3] 75 Pa.C.S.A. § 1501(a).

Officer Doyle, a patrol officer with Susquehanna Township Police Department, confirmed Ms. Monk's testimony that she jumped out of the car and told him she had been following a vehicle down Progress Avenue that had been driving erratically, and that the car had turned into Wendy's. She told him she feared for other motorists on the roadway, gave him a description of the gold Cadillac, and relayed that the driver was a black man who appeared to be falling asleep at the wheel. Because Officer Doyle was too far from his vehicle, he called Officer Demetrius Glenn on the radio. After calling Officer Glenn, Officer Doyle responded to the Wendy's as [Officer Glenn's] backup officer. Once there, Officer Doyle observed [Harvey] half hanging out of his car; he had one foot out. His vehicle was parked in between two spots in a crooked fashion, and partially sticking out into the traffic way. When Officer Doyle initially approached [Harvey], it was unclear to him whether this was a medical issue or drug-induced behavior. Officer Doyle made the observation that there was no odor of alcohol. [Harvey's] speech was extremely slurred. Officer Doyle asked [Harvey] his name several times and each time he was asked, he became more and more agitated. Officer Doyle asked [Harvey] if he had any medical problems. [Harvey] told him about some of his issues, including diabetes, so Officer Doyle called the EMS. [Harvey] was medically evaluated, and it was determined that his blood sugar was at a normal level, and his blood pressure was elevated, but everything else was fine.

When asked what conclusions Officer Doyle made based on his observations of [Harvey], Officer Doyle said that based on his [seven years of] training and experience, he believed [Harvey] was under the influence of a controlled substance, and that his behavior led him to believe that it was crack cocaine. Officer Doyle clarified that the combination of [Harvey's] elevated blood pressure, his agitation, slurred speech, the inability to stay on one topic, and what he was told about his driving supported his conclusion that [Harvey] was high on crack cocaine. Officer Doyle also testified that he has had experience in DUI's that involve drugs instead of alcohol. Specifically, he estimated observing the effect of crack cocaine in drivers on approximately ten occasions. Moreover, Officer Doyle is a diabetic himself, and personally experienced in the effects of a diabetic episode. After [Harvey] was arrested, the inventory search of his car revealed money strewn throughout the car ($139 in total), and a crack pipe in the center console with residue that tested positive for crack cocaine.

Officer Demetrius Glenn, a patrol officer with the Susquehanna Township Police, testified that on the afternoon in question, Officer Doyle made contact with him and explained that there was a vehicle displaying erratic behavior that was possibly in the parking lot of Wendy's. Officer Glen's testimony mirrored Officer Doyle's testimony. He initially believed that [Harvey] either had a medical issue or that he was under the influence of drugs. Upon learning of [Harvey's] diabetic issue, Officer Glenn testified that based on his personal experience (responding to EMS calls for diabetics), diabetics are either lethargic or very aggressive to the point that they are fighting. Officer Glenn found his behavior to be indicative of crack cocaine use.

Trial Court Rule 1925(a) Opinion, 5/17/17, at 1-4 (internal citations to the record omitted).

The court denied Harvey's suppression motion, concluding the police officers had probable cause to arrest Harvey without a warrant. The parties immediately proceeded to a bench trial, following which the trial court convicted Harvey of DUI-controlled substance.[4] Harvey received a sentence of thirteen days to six months' imprisonment.[5] This timely appeal follows.

_____

[4] The trial court dismissed the charges of possession of drug paraphernalia and driving without a license, citing the Commonwealth's failure to present any evidence relating to these charges. **See** N.T., Suppression/Bench Trial, 12/29/16, at 52.

[5] While the trial court clearly sentenced Harvey to thirteen days to six months' imprisonment at his bench trial, a clerical error resulted in the imposition of a sentence of six to thirteen months' imprisonment. **See** N.T., Suppression/Bench Trial, 12/29/16, at 53; Docket Entry, 12/29/16. Following the filing of Harvey's appeal, the trial court corrected this patent clerical error. **See** Order, 4/18/17. **See also Commonwealth v. Klein**, 781 A.2d 1133, 1135 (Pa. 2011) (holding that while a trial court is typically divested of jurisdiction to correct an order after a notice of appeal has been filed, a trial court may correct a "patent defect or mistake in the record").

On appeal, Harvey raises two issues. First, he avers the trial court erred in denying his pre-trial motion to suppress. Next, that his conviction for DUI-controlled substance was not supported by sufficient evidence.

Turning to Harvey's first issue on appeal,

[o]ur standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Eichinger***, 915 A.2d 1122, 1134 (Pa. 2007) (citation omitted). Additionally, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." ***Commonwealth v. Elmobdy***, 823 A.2d 180, 183 (Pa. Super. 2003) (citation omitted).

Harvey does not contest the trial court's findings of fact. Rather, he contests the trial court's legal conclusion that the facts supported the police officer's probable cause determination. ***See*** Appellant's Brief, at 12, 14-20. Specifically, Harvey contends the police officers lacked probable cause to arrest him for DUI-controlled substance as they did not personally observe his driving, did not note a smell of drugs or alcohol on Harvey or in his vehicle, and did not perform field sobriety tests at the scene. ***See id***., at 16-18.

Instead, Harvey alleges that the police only decided he must be under the influence when they looked at his criminal history. *See id*., at 17-20. Further, Harvey maintains that his behavior at the scene is as indicative of a medical reaction, as a reaction to a controlled substance. *See id*., at 19-20.

"To be constitutionally valid, a warrantless arrest must, of course, be supported by probable cause." *Commonwealth v. Evans*, 685 A.2d 535, 537 (Pa. 1996) (opinion in support of affirmance) (citation omitted). In the context of a DUI matter, a police officer has probable cause to make a warrantless arrest "where the officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that the driver has been driving under the influence of alcohol or a controlled substance." *Commonwealth v. Hilliar*, 943 A.2d 984, 994 (Pa. Super. 2008) (citation omitted).

Probable cause is determined by the totality of the circumstances. *See Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008) (*en banc*). As such, "a police officer may utilize both his experience and personal observations to render an opinion as to whether a person is intoxicated." *Id*. (citations and quotation marks omitted). Further, while field sobriety tests are helpful in developing a police officer's probable cause for arrest, "reasonable grounds to arrest [for suspicion of DUI] does not require the failure of field sobriety tests." *Commonwealth v. Slonaker*, 795 A.2d 397, 402 (Pa. Super. 2002) (citation and footnote omitted). Finally, "[p]robable cause exists when criminality is one reasonable inference; it need not be the only, or even the

most likely, inference." **Commonwealth v. Quiles**, 619 A.2d 291, 298 (Pa. Super. 1993) (*en banc*) (citations omitted).

Here, the totality of the circumstances, when viewed through the lens of the officers' experience and personal observations, supports their determination that probable cause existed to arrest Harvey for DUI-controlled substance. Ms. Monk testified she observed Harvey apparently sleeping behind the wheel in the middle of an active intersection. When Harvey awoke, Ms. Monk observed him swerving, stepping on the brake, and driving erratically. Ms. Monk's statements were enough for Officer Doyle and Officer Glenn to check on Harvey in the Wendy's parking lot. **See Commonwealth v. Anthony**, 977 A.2d 1182, 1187-1188 (Pa. Super. 2009) (stating that police can rely upon information supplied by an identified citizen about defendant's driving behavior in determining whether reasonable suspicion exists to stop car based on suspected DUI).

Even though the police officers did not administer field sobriety tests, both officers observed Harvey at the scene—and noted that Harvey's agitation, slurred speech, inability to stay on one topic, and elevated blood pressure was indicative of either a person experiencing a diabetic event or high on crack cocaine.[6] After the EMS found that Harvey's blood sugar was in

---

[6] Officer Glenn did not ever believe Harvey was suffering from a diabetic event because his actions mirrored those of an individual high on crack cocaine. **See** N.T., Suppression/Bench Trial, 12/29/16 at 43.

a normal range, the officers concluded, based on their experience, that Harvey had been driving under the influence of crack cocaine.

Harvey argues this evidence could have just as easily been evidence of a medical event. However, assignment of credibility and weight to the evidence is squarely within the suppression court's discretion. We cannot conclude the suppression court abused its discretion in finding both officers credible. As such, the circumstances to which the officers testified was sufficient to establish probable cause to arrest Harvey for DUI. *See Hilliar*, 943 A.2d at 994. Accordingly, Harvey's first issue on appeal merits no relief.

In his second and final issue, Harvey argues the evidence of record is insufficient to support his conviction for DUI. Specifically, he claims the Commonwealth failed to prove that his ability to drive safely was impaired by a controlled substance beyond a reasonable doubt, because the officers did not personally observe him driving, did not smell drugs or alcohol on Harvey's person or in his vehicle, and did not perform field sobriety tests.

When examining a challenge to the sufficiency of the evidence, our standard of review is whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences drawn therefrom is sufficient for the trier or fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence."

*Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. *See id*. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted).

Harvey was convicted of DUI-controlled substance under § 3802(d)(2) of the Vehicle code, which provides:

(d) Controlled Substances – An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

*****

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

Ms. Monk reported observing Harvey apparently sleeping at the wheel of his car in the middle of a roadway. Harvey then proceeded to drive erratically, swerving, braking and slamming on the brakes, before pulling into a parking lot. When the officers approached him, they noted he was agitated,

exhibited extremely slurred speech, and could not stay on one topic. Both officers testified that, based on their experience, this behavior was indicative of an individual under the influence of crack cocaine. Further, after Harvey was arrested and his car was impounded, the officers testified to finding a crack pipe in the center console with crack cocaine residue therein.

In an effort to rebut this evidence, Harvey attempts to compare his case to the matter in **Commonwealth v. Etchison**, 916 A.2d 1169 (Pa. Super. 2007), where a panel of this Court found insufficient evidence for a DUI-controlled substance conviction. Harvey argues that, like the defendant in **Etchison**, his conviction should be found to rest on an insufficient basis as the Commonwealth failed to present lab tests to prove that Harvey was under the influence of drugs at the time he was arrested.

Harvey misinterprets **Etchison**. There, the panel's finding of insufficient evidence was predicated on the Commonwealth's failure to present evidence of impaired driving, not a lack of evidence of drugs in the blood stream. **See** 916 A.2d at 1172. Here, the Commonwealth presented sufficient evidence of Harvey's impaired driving through the testimony of Ms. Monk.

The testimony provided by Ms. Monk, and Officers Doyle and Glenn was sufficient to prove the elements of DUI-controlled substance beyond a reasonable doubt. Accordingly, pursuant to our standard of review, we find that Harvey is not entitled to relief on this claim.

Judgment of Sentence affirmed.

Judge Shogan joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017