J-S06021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EUGENE MARVIN HARRIS | : | |
| | : | |
| Appellant | : | No. 1127 EDA 2018 |

Appeal from the Judgment of Sentence April 9, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002658-2017

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JULY 03, 2019**

Appellant, Eugene Marvin Harris, appeals from the April 9, 2018 Judgment of Sentence entered by the Delaware County Court of Common Pleas after a jury convicted Appellant of Possession with Intent to Deliver ("PWID"), Possession of a Controlled Substance, and Possession of Paraphernalia.[1] Appellant's counsel filed a Motion to Withdraw as Appellate Counsel and a Brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's Judgment of Sentence and grant appellate counsel's Motion to Withdraw as Appellate Counsel.

---

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 780-113(a)(32), respectively.

The relevant factual and procedural history is as follows. On March 20, 2017, Detective John Montgomery from the Upper Chichester Police Department responded to an apartment at 4498 Bethel Road, Boothwyn, Pennsylvania, for a report of a drug overdose. Upon arrival, Detective Montgomery, who has a law enforcement tenure of 26 years including 10 years as a member of the Delaware County Drug Task Force, observed emergency medical personnel treating an unidentified male experiencing a heroin overdose. While on the scene, Detective Montgomery spoke to the woman who reported the drug overdose ("Reporter") and learned she was the mother of the overdose victim's girlfriend. Reporter informed Detective Montgomery that her daughter and the overdose victim were heroin addicts; her daughter was currently in inpatient rehab; and she came to the overdose victim's apartment to take him to rehab. Reporter gave Detective Montgomery the overdose victim's cell phone and advised him that a black male in his mid-30's known as "Philly Guy" supplied the heroin to the overdose victim and always delivered it to the overdose victim's apartment. Detective Montgomery also recovered white glassine baggies and drug paraphernalia from the scene.

The next day, on March 22, 2017, Detective Montgomery learned that the overdose victim died.

On March 23, 2017, Detective Montgomery used the decedent's cell phone to contact Appellant and arranged to buy a bundle of heroin for $80. Detective Montgomery organized a team of law enforcement personnel to be present at and around 4498 Bethel Road during the arranged heroin buy.

Upon learning from a text message to the decedent's cell phone that the heroin dealer would be arriving in 15 minutes, Detective Montgomery instructed Officer Matthew Jackson, a 14-year veteran of the police force and 1-year member of the Drug Task Force, to position his unmarked, undercover vehicle in the driveway at 4498 Bethel Road. Detective Montgomery deployed three additional unmarked, undercover police vehicles and two marked police vehicles to nearby locations to serve as backup.

While positioned in the driveway, Officer Jackson held the decedent's cellphone for purposes of continuing communications. Officer Jackson received a text message on the decedent's cellphone that the heroin dealer was 3 minutes away. Approximately 3 minutes later, Officer Jackson observed a blue vehicle driven by Derrick Gandy, Appellant's co-defendant, pull into the driveway. Appellant was on the passenger side of the vehicle. The decedent's cellphone rang showing a call from the same number used to arrange the heroin buy. Officer Jackson pulled in front of the vehicle and, because he was operating a pickup truck with a raised vantage point, Officer Jackson observed Appellant holding and attempting to discard what Officer Jackson recognized as bagged heroin. Officer Jackson radioed for backup and approached the car with his gun drawn.

When removing Appellant from the car, Officer Jackson observed what he recognized as a bag of heroin hanging from Appellant's pants. The police secured Appellant with handcuffs and proceeded to search Appellant. The police recovered 2 cellphones and $282. The police then searched the

vehicle's front passenger area and recovered 13 bags of heroin. When Officer Jackson called the phone number that Detective Montgomery had used to arrange the heroin buy, one of the cellphones recovered from Appellant's person rang. The District Attorney subsequently charged Appellant with PWID, Possession of a Controlled Substance, Possession of Paraphernalia, Criminal Use of a Communication Facility, and three counts of Conspiracy.

On August 7, 2017, Appellant filed an Omnibus Motion for Pre-Trial Relief, including, *inter alia*, a Motion to Suppress Physical Evidence for Lack of Probable Cause and a Motion to Suppress Fruits of Unlawful Arrest.

On October 12, 2017, the suppression court held a hearing on Appellant's Motions to Suppress. The court heard testimony from Detective Montgomery and Officer Jackson, who testified to the above facts. On October 19, 2017, the suppression court denied Appellant's Motions to Suppress.

On January 18, 2018, a jury convicted Appellant of PWID, Possession of a Controlled Substance, and Possession of Paraphernalia. On March 8, 2018, the trial court sentenced Appellant to an aggregate term of 39-78 months' incarceration followed by 36 months of probation. Appellant did not file a Post-Sentence Motion.

Appellant filed a timely *pro se* Notice of Appeal. The trial court appointed James Brose, Esq., to represent Appellant on appeal.[2] On September 12,

---

[2] The trial court initially directed Appellant's counsel of record, Keith F. Garrity, to file a 1925(b) Statement of Matters Complained of on Appeal. Attorney

2018, Attorney Brose filed a Statement of Intent to File an **Anders** Brief in Lieu of 1925(b) Statement of Matters Complained of on Appeal. **See** Pa.R.A.P. 1925(c)(4). In response, the trial court issued a Pa.R.A.P. 1925(a) Opinion stating that in light of appellate counsel's Statement of Intent to File an **Anders** Brief, "further exposition regarding Appellant's conviction and the sentence imposed is unnecessary." Trial Ct. Op., filed 9/27/18, at 3.

In this Court, counsel has filed an **Anders** Brief raising a challenge to the suppression court's denial of Appellant's Motion to Suppress Physical Evidence for Lack of Probable Cause and the admission of evidence of screen shots of text messages sent from the decedent's cellphone. **Anders** Br. at 4, 6. In addition, counsel has filed a Motion to Withdraw as Appellate Counsel.

Appellant filed a *pro se* Objection in Response to Counsel's **Anders** Brief, likewise challenging the denial of Appellant's Motion to Suppress and the admission of screen shots of text messages, claiming that the police tampered with the evidence in violation of his right to due process. Appellant's Response at 2-7 (unpaginated). Appellant also asserts that his conviction is against the weight of the evidence, arguing that the evidence and testimony contained inconsistencies. **Id.** at 4 (unpaginated).

---

Garrity failed to file a docketing statement with Superior Court as well as a 1925(b) Statement or a Motion to Withdraw as Counsel. On May 25, 2018, this Court issued an Order that directed the trial court to hold a hearing to determine if counsel had abandoned Appellant and, if so, if Appellant was entitled to court-appointed counsel. On July 24, 2018, after a hearing, the trial court issued an order appointing James Brose, Esq., to represent Appellant on appeal.

Before this Court may consider the merits of the issues raised, we must address counsel's Application to Withdraw. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). In order for counsel to withdraw from an appeal pursuant to *Anders*, our Supreme Court has determined that counsel must meet certain requirements, including:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the instant case, counsel has complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirms that he sent Appellant a copy of the *Anders* Brief, as well as a letter explaining to Appellant that he has the right to proceed *pro se* or retain new counsel. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements). Counsel appended a copy of the letter to his Motion to Withdraw. *See* Motion to Withdraw, Ex. A, (Letter, dated November 8, 2018).

Because appellate counsel has satisfied the above requirements, we will address the substantive issues raised in the **Anders** Brief and the *pro se* Response. It is generally this Court's duty to conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*). However, because Appellant filed a *pro se* Response to the **Anders** brief, our independent review is limited to those issues raised in the **Anders** brief. **Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa. Super. 2015). We then review the subsequent *pro se* Response as we do any advocate's brief, and consider the merits of the issues contained therein and rule upon them accordingly. **Id.** at 333-34.

## Motion to Suppress

Appellate counsel, in his **Anders** Brief, and Appellant, in his *pro se* Response, both challenge the suppression court's denial of Appellant's Motion to Suppress Physical Evidence for Lack of Probable Cause. **Anders** Br. at 4; Appellant's Response at 2-7 (unpaginated). Appellant argues that the police arrested him without probable cause and, therefore, any evidence seized thereafter was seized illegally. **Id.** This claim is frivolous.

"Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." **Commonwealth v. Wallace**, 42 A.3d 1040, 1047-48 (Pa. 2012)

(citing Pa.R.Crim.P. 581(H)). When we review the denial of a Motion to Suppress, "we are limited to considering only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1198 (Pa. Super. 2018) (*en banc*) (citation and internal quotation marks omitted). When the testimony and other evidence support the trial court's findings of fact, this Court is bound by them and we "may reverse only if the court erred in reaching its legal conclusions based upon the facts." *Id.* at 1198 (citation omitted). "Moreover, it is within the lower court's province to pass on the credibility of witnesses and determine the weight to be given to their testimony." *Commonwealth v. McCoy*, 154 A.3d 813, 816 (Pa. Super. 2017). This Court will not disturb a suppression court's credibility determination absent a clear and manifest error. *Commonwealth v. Camacho*, 625 A.2d 1242, 1245 (Pa. Super. 1993).

To be constitutionally valid, a warrantless arrest must be supported by probable cause. *Commonwealth v. Evans*, 685 A.2d 535, 537 (Pa. 1996). Probable cause exists when the facts and circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that a suspect has committed or is committing a crime. *Id.* "The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require **only a probability**, and not a prima facie showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test." *Commonwealth v.*

***Thompson***, 985 A.2d 928, 931 (Pa. 2009) (emphasis in original; internal citations and quotation marks omitted).

"It is well established that a warrantless search incident to a lawful arrest is **reasonable***,* and no justification other than that required for the arrest itself is necessary to conduct such a search." ***Commonwealth v. Ingram***, 814 A.2d 264, 272 (Pa. Super. 2002) (emphasis in original). "Consequently, any evidence seized as a result of a search incident to a lawful arrest is admissible in later proceedings." ***Id.***

Finally, our Supreme Court has held that "[t]he prerequisite for a warrantless search of a motor vehicle is probable cause to search[.]" ***Commonwealth v. Gary***, 91 A.3d 102, 138 (Pa. 2014). A warrantless search of a vehicle is justified if a police officer has probable cause to believe a vehicle contains contraband. ***Commonwealth v. Runyan***, 160 A.3d 831, 838 (Pa. Super. 2017).

The suppression court found Detective Montgomery's and Officer Jackson's testimony to be credible. In particular, the suppression court found that the police relied on information from Reporter and, as a result, arranged a heroin buy at the decedent's home using the decedent's phone; a blue vehicle arrived at the scene at the exact time the heroin dealer stated he would arrive in a text; and the police observed Appellant on the passenger side of the vehicle holding and attempting to discard what Officer Jackson believed to be bagged heroin. Order, 10/19/17, at 1 n. 4. Based on these findings, which the record supports, the suppression court concluded that the

police had probable cause to arrest Appellant, and the police seized the evidence from Appellant's person incident to the arrest. *Id.* Moreover, the suppression court concluded, based on the totality of the circumstances, that the police had probable cause to search the vehicle's front passenger area for contraband. *Id.*

Looking at the totality of the circumstances and these facts, we agree with the suppression court that the police had probable cause to arrest Appellant, or sufficient facts and circumstances for a reasonably cautious person to believe that Appellant had committed and was in the process of committing a crime. *See Evans*, 685 A.2d at 537. Because the police had probable cause to arrest Appellant, the police's seizure of any evidence incident to the arrest was legal. Thus, the cellphones and heroin the police seized from Appellant's person when the police arrested Appellant was a proper search incident to arrest. *See Ingram*, 814 A.2d at 272.

Further, based on the totality of the circumstances, including Officer Jackson's observation of Appellant on the passenger side of the vehicle attempting to discard what he believed to be bagged heroin, we agree with the suppression court that the police had probable cause believe that the vehicle contained contraband. Accordingly, the warrantless search of the vehicle was justified. *See Gary*, 91 A.3d at 138; *Runyan*, 160 A.3d at 838.

We discern no error in the suppression court's denial of Appellant's Motion to Suppress, and find that Appellant's issue lacks merit in light of our standard of review.

**Admission of Screen Shots of Text Messages into Evidence**

We next address the challenge to the admission of screen shots of text messages into evidence, raised by Appellate counsel in his **Anders** brief and Appellant in his Response. **Anders** Brief at 6; Appellant's Response at 2-7 (unpaginated). In his Response, Appellant claims that the police tampered with the evidence in violation of his right to due process. Appellant's Response at 2-7 (unpaginated). Our review of the record reveals that Appellant's counsel failed to object to testimony regarding the screen shots, or to their admission into evidence. **See** N.T. Trial, 1/30/18, at 132-162, 168. Accordingly, Appellant failed to preserve this issue for appellate review, and we are constrained to find the issue waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **Commonwealth v. Schoff**, 911 A.2d 147, 158 (Pa. Super. 2006) (explaining that a defendant must make a timely and specific objection at trial or face waiver of the issue on appeal).

**Weight of the Evidence**

Finally, in his *pro se* Response, Appellant asserts that the evidence and testimony that the Commonwealth presented at trial contained inconsistencies and deception. **Id.** at 4 (unpaginated). This is essentially a challenge to the weight of the evidence.

Before we reach the merits of Appellant's weight claim, we must determine whether Appellant has preserved it for appellate review. A weight of the evidence claim must be raised before the trial court pursuant

to Pa.R.Crim.P. 607(A) or it will be waived.  ***See Commonwealth v. Kinney***, 157 A.3d 968, 972 (Pa. Super. 2017) (holding that because defendant failed to raise a challenge to the weight of the evidence before the trial court in either an oral or written motion for a new trial, he waived this claim for appeal).  Our review of the record reveals that Appellant did not properly raise the weight of the evidence issue before the trial court, either orally on the record before sentencing, in a written pre-sentence motion, or in a post-sentence motion.  ***See*** Pa.R.Crim.P. 607(A).  Accordingly, the claim is waived.

In sum, we find that the challenge to the suppression court's denial of Appellant's Motion to Suppress lacks merit in light of our standard of review. Moreover, Appellant has waived his challenges to the weight of the evidence and the admission of the screen shots into evidence.  We, therefore, conclude that neither Appellant's counsel nor Appellant have identified any non-frivolous issues for us to address on appeal.  We affirm Appellant's Judgment of Sentence and grant appellate counsel's Motion to Withdraw as Appellate Counsel.

Judgment of Sentence affirmed.  Motion to Withdraw as Appellate Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/19

- 12 -