J-S41039-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUAN RAMON MARTINEZ, | : | |
| | : | |
| Appellant | : | No. 167 MDA 2019 |

Appeal from the PCRA Order Entered December 27, 2018
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004881-2015

BEFORE:    LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED SEPTEMBER 13, 2019**

Juan Ramon Martinez (Appellant) appeals from the December 27, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we affirm.

The PCRA court provided the following background.

[Appellant] was charged[, following a traffic stop and subsequent search of his residence,] with possession with intent to distribute a noncontrolled substance [(synthetic marijuana)], [possession with intent to deliver a controlled substance (cocaine)], possession of a small amount of marijuana, and possession of drug paraphernalia.  On November 18, 2015, Appellant, through his first trial counsel, Jacob Gurwitz, Esq., filed an omnibus pre-trial motion.  On May 12, 2016, th[e trial] court held a hearing addressing the motion and on May 19, 2016, [] denied Appellant's motion.  On July 25, 2016, Appellant through his counsel, filed a motion to reconsider Appellant's amended omnibus pre-trial motion.  On July 26, 2016, upon motion, th[e trial] court granted withdrawal of Attorney Gurwitz, and James Polyak, Esq.[,] entered his appearance as Appellant's counsel.

_____

*Retired Senior Judge assigned to the Superior Court.

On August 1, 2016, th[e trial] court denied the motion to reconsider Appellant's amended omnibus pre-trial motion.

On September 30, 2016, Appellant, through [Attorney Polyak], filed a motion for enlargement of time to file [an] omnibus pre-trial motion and on October 3, 2016, th[e trial] court granted the motion. On October 17, 2016, Appellant, through counsel, filed a timely omnibus pre-trial motion[, challenging the initial stop of the vehicle. Specifically, Appellant argued that the traffic stop was unlawful because it was based upon failing to use a turn signal to change lanes, which Appellant argued was not a violation of the Motor Vehicle Code. Therefore, he sought suppression of all evidence seized from the vehicle, Appellant's person, and Appellant's home as fruit of the poisonous tree.] On November 2, 2016, after [a] hearing [was] held, th[e trial] court ordered both counsel[] to file briefs. Both counsel[] timely filed briefs and on February 10, 2017, th[e trial] court denied Appellant's omnibus pre-trial motion.

On November 14, 2017, upon motion, th[e trial] court granted withdrawal of Attorney Polyak, and Eric Winter, Esq.[,] entered his appearance as Appellant's counsel. On December 14, 2017, Appellant was found guilty of possession with intent to deliver a controlled substance [(cocaine)], possession of a small amount of marijuana, and possession of drug paraphernalia, after a bench trial. On January 31, 2018, th[e trial] court sentenced [] Appellant to an aggregate term of [9 to 23 months] of incarceration, 4 years of probation, and [a] $500 fine.

1925(a) Opinion, 2/28/2019, at 1 (unnumbered; unnecessary capitalization omitted).

On July 17, 2018, Appellant, through counsel, timely filed a PCRA petition, alleging ineffective assistance of counsel for Attorney Polyak's failure to include additional grounds for suppression in his pretrial motion.[1]

---

[1] Appellant also alleged Attorney Gurwitz provided ineffective assistance of counsel for failing to file a sufficiently detailed pretrial motion. However,
*(Footnote Continued Next Page)*

PCRA Petition, 7/14/2018, at ¶¶ 46-48.  Specifically, Appellant alleged that Attorney Polyak should have sought suppression because (1) the officers could not have formed reasonable suspicion or probable cause to search the vehicle based on the smell of synthetic marijuana, (2) even if they could, because synthetic marijuana is not criminalized under Pennsylvania law, they lacked probable cause to search the vehicle, and (3) the search of the residence and backpack were done without the consent of Appellant, the owner of the residence and backpack.  *Id.* at ¶¶ 24-28, 33, 37-40.

On October 11, 2018, a PCRA hearing was held.  At the hearing, Attorney Polyak testified that he did not raise a challenge to whether the officers could identify the smell of synthetic marijuana in the motion to suppress because he did not think it was "a valid issue appropriate for pretrial relief."  N.T., 10/11/2018, at 8.  For the same reason, Attorney Polyak did not argue in the suppression motion that possession of the specific type of synthetic marijuana here, while illegal under federal law, was not a violation of any particular Pennsylvania statute at that time.  *Id.* at 9.  As an additional reason, Attorney Polyak noted that the driver of the vehicle, Pedro Rodriguez, told the officers, prior to the search of the vehicle, that

*(Footnote Continued)* ───────────────

Appellant abandoned this claim at the PCRA hearing, stating that "to the degree there was any error on [Attorney Gurwitz's] part, [it] was cured by the [trial c]ourt giving [Attorney] Polyak the opportunity to file a supplemental motion.  Accordingly, essentially anything that [Attorney] Gurwitz did is moot[.]"  N.T., 10/11/2018, at 4.

Appellant's bag contained synthetic marijuana. *Id.* at 14-15. Finally, Attorney Polyak testified that he did not raise a challenge to the search of the house or backpack because the discovery indicated that Yashira Rodriguez lived at the house and had authority to consent to the search, and he had discussed this with Appellant. *Id.* at 10-12. Attorney Polyak did not challenge specifically the search of the backpack, which contained cocaine and drug paraphernalia, because it was recovered from a common room, the kitchen. *Id.* at 18-19. Instead, he testified that he raised the only issues he deemed appropriate and eligible for pretrial relief. *Id.* at 20.

The officers who conducted the traffic stop also testified at the PCRA hearing. The officers testified that they smelled synthetic marijuana emanating from inside the vehicle as soon as Appellant opened his window. The officers testified they were familiar with the distinctive smell of synthetic marijuana from their experience because synthetic marijuana accounts for approximately 80% of drug arrests in Reading, and the officers encounter it "on an almost daily basis." *Id.* at 23-24, 27-28, 32, 34.

Additionally, the criminal investigator who conducted the search of the residence testified. He testified that he was under the impression that Appellant lived at the apartment with his girlfriend, Yashira, and the two were allowing Pedro, Yashira's brother, to stay as a guest at the apartment with his girlfriend, Carmen Morales. Yashira, Pedro, and Carmen signed consent forms to search the apartment. *Id.* at 41-42.

In his testimony, Appellant confirmed that Yashira was his girlfriend, who had been living at the apartment with him for approximately nine months and helped to pay the apartment's bills, and that Pedro and Carmen were staying there as guests. *Id.* at 52-54. Appellant also testified that synthetic marijuana has a distinctive smell, though he qualified it as "weak." *Id.* at 51, 56. Finally, Appellant testified that Attorney Polyak filed the suppression motion without speaking to him beforehand. *Id.* at 55-56.

Following the hearing, the PCRA court permitted both Appellant and the Commonwealth to file briefs, which they did. On December 6, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907.[2] Appellant timely filed a response, and on December 27, 2018, the PCRA court dismissed Appellant's PCRA petition.

This timely-filed notice of appeal followed.[3] On appeal, Appellant claims that the PCRA court erred in dismissing his PCRA petition. *See* Appellant's Brief at 4. We begin with our standard of review.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of

---

[2] Rule 907 only applies to dismissal of claims without a hearing; thus, such notice was unnecessary here as the PCRA court granted a hearing on all of Appellant's claims.

[3] Appellant complied with Pa.R.A.P. 1925(b). In its Rule 1925(a) opinion, the PCRA court referred this Court to its December 6, 2018 notice of intent to dismiss for the reasons relied upon in dismissing Appellant's PCRA petition. 1925(a) Opinion, 2/28/2019, at 3 (unnumbered).

record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting *Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

"Counsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary." *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018). "To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." *Commonwealth v. Jones*, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

We first address Appellant's claim that counsel should have argued that the smell of synthetic marijuana could not support probable cause to search the vehicle.

> [I]n this Commonwealth, the law governing warrantless searches of motor vehicles is coextensive with federal law under the Fourth Amendment. The prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required. The

consistent and firm requirement for probable cause is a strong and sufficient safeguard against illegal searches of motor vehicles, whose inherent mobility and the endless factual circumstances that such mobility engenders constitute a *per se* exigency allowing police officers to make the determination of probable cause in the first instance in the field.

***Commonwealth v. Gary***, 91 A.3d 102, 138 (Pa. 2014) (Opinion Announcing the Judgment of the Court).

The level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant. The well-established standard for evaluating whether probable cause exists is the "totality of the circumstances" test. This test allows for a flexible, common-sense approach to all circumstances presented. Probable cause typically exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. The evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer.

***Commonwealth v. Runyan***, 160 A.3d 831, 837 (Pa. Super. 2017) (quoting ***Commonwealth v. Lechner***, 685 A.2d 1014, 1016 (Pa. Super. 1996) (internal citations omitted)).

In dismissing this claim, the PCRA court found the underlying claim to be without merit. As discussed *supra*, the officers testified that they could smell the distinctive odor of synthetic marijuana emanating from inside the vehicle as soon as Appellant opened the window. The PCRA court credited the testimony of the officers that they were familiar with this smell based on their extensive experience with synthetic marijuana in Reading. In fact, even Appellant acknowledged at the PCRA hearing that synthetic marijuana

has a distinctive smell. Thus, we conclude the PCRA court's factual determination that the officers could identify synthetic marijuana by smell to be supported by the record. Additionally, the driver of the vehicle, Pedro, told the officers that the bag at Appellant's feet contained synthetic marijuana. As such, the officers had probable cause to search the vehicle. *See Commonwealth v. Gelineau*, 696 A.2d 188, 192-94 (Pa. Super. 1997) (holding there was sufficient probable cause to search vehicle without a warrant where officer smelled raw marijuana, but ultimately determining, pre-*Gary*, that search was unreasonable because failed to establish exigent circumstances). Because the underlying claim lacked merit, the PCRA court did not err in concluding counsel was not ineffective for failing to raise this issue in a suppression motion.

Next, we consider Appellant's claim that counsel should have sought suppression on the basis that the specific type of synthetic marijuana Appellant possessed, AB-PINACA, was not prohibited by Pennsylvania statute at the time of the search.

We reiterate that probable cause "exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Runyan, supra*. In dismissing this claim, the PCRA court noted that, at the time of the search, possession of synthetic marijuana was illegal under federal law, and possession of certain types of

synthetic marijuana was also prohibited under Pennsylvania law. Notice of Intention to Dismiss, 12/6/2018, at 5-6. Therefore, the PCRA court concluded that when the officers "detected the smell of synthetic marijuana from the vehicle, it was rational for the officers to believe that the vehicle contained contraband [and] the issue of whether AB-PINACA was illegal does not affect the validity of the vehicle search[.]" *Id.* at 6. We agree.

In this case, the officers smelled synthetic marijuana and were told by the driver that there was a bag containing synthetic marijuana in the car. As such, the officers had sufficient knowledge "to warrant a person of reasonable caution in the belief that an offense has been or [wa]s being committed[,]" namely, the possession of synthetic marijuana. *Runyan, supra*. That the specific type of synthetic marijuana recovered ultimately was not a controlled substance under Pennsylvania statute at that time is of no moment. The totality of the circumstances warranted a reasonable person to believe that a crime, possession of synthetic marijuana, was being committed. The officers had no way of knowing what specific variety of synthetic marijuana was present until it was tested. In essence, the totality of the circumstances did not indicate that the particular type of synthetic marijuana Appellant possessed was anything other than a controlled substance under federal and Pennsylvania law. Accordingly, the underlying claim is without merit, and the PCRA court did not err in concluding that counsel was not ineffective for failing to raise this suppression claim.

Finally, we address Appellant's contention that counsel should have challenged the search of the residence and backpack because, while three individuals did consent, Appellant, the owner of the residence and backpack, did not. Appellant's Brief at 24.

In determining whether another individual had authority to consent to the search of the residence and backpack, we consider the doctrines of common authority and apparent authority. "The United States Supreme Court has held that a third party has actual authority to consent to a search if he/she 'possesses common authority over or other sufficient relationship to the premises or effects sought to be inspected.'" *Commonwealth v. Basking*, 970 A.2d 1181, 1188 (Pa. Super. 2009) (quoting *United States v. Matlock*, 415 U.S. 164, 171 (1974)). "This Court has held that the concept of common authority is based on mutual use of the property rather than a mere property interest." *Id.* (citation and quotation marks omitted).

Regarding apparent authority,

[i]n *Commonwealth v. Blair*, [] 575 A.2d 593, 598 ([Pa. Super. ]1990), this Court discussed the standard to be applied in determining whether a police officer reasonably believed that a person possessed apparent authority to consent:

[W]e are not allowing *carte blanche* consent entries into residences with the police officer being able to ratify his entry at a later date suppression hearing by merely stating that he was mistaken as to the actual authority of the consenting party. We hold that the police officer's reasonable mistake must be judged

- 10 -

from an objective standard based on the totality of the circumstances. Although the police officer's state of mind is one factor to be considered in determining the reasonability of the mistake, it is not the only factor. Moreover, the police officer's mistake must be reasonable. In ambiguous situations, those situations which would cause a reasonable person to question the consenting party's actual authority or if the consenting party's assertions of authority appear unreasonable, a police officer should make further inquiries to determine the status of the consenting party. Reliance on a third party's bald assertion in such situations could subject any search to the remedy of the exclusionary rule.

*Id.* (footnote omitted).

*Basking*, 970 A.2d at 1190-91.

Here, Yashira had actual authority to consent to the search of the house under the common authority doctrine as she and Appellant mutually used the property. Additionally, Yashira had common and apparent authority to consent to the search of the backpack. It was located in the kitchen, a common area of the home, which she mutually used with Appellant. There was no indication that the backpack belonged to Appellant. In fact, Yashira told the investigator that the backpack belonged to her. N.T., 10/11/2018, at 43, 46. Based on the totality of the circumstances, it was entirely reasonable for the investigator to believe that Yashira had authority to consent to the search of the backpack. As such, the underlying claim is without merit, and the PCRA court did not err in dismissing this ineffective-assistance-of-counsel claim.

Based on the foregoing, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2019